FILED
APR 1 5 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FREEDOM MORTGAGE CORPORATION,

Plaintiff,

v.

BURNHAM MORTGAGE, INC.,
EXETER TITLE COMPANY,
TICOR TITLE INSURANCE COMPANY,
et al.

Defendants.

No. 03 CV 6508

Hon. Mark Filip

**Local Rule 56.1 Statement**

**TICOR TITLE INSURANCE COMPANY AND BURNHAM MORTGAGE, INC.'S JOINT LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS[1]**

Ticor Title Insurance Company ("Ticor Title"), by its attorneys Gregory R. Meeder, James T. Mueller and Barbara A. Gimbel and Burnham Mortgage, Inc. ("Burnham Mortgage"), by and through its attorneys David M. Rownd, Richard H. Chapman and Adam C. Toosley (collectively Ticor Title and Burnham Mortgage are referred to herein as "Corporate Defendants"), submit the following Statement of Undisputed Material Facts in support of their Memorandum on Damages:

[1] Pursuant to the Corporate Defendants' request from this Court at the April 1, 2005 status, the Corporate Defendants requested and were, in turn, granted leave by this Court to file a motion for summary judgment relating to the question of Freedom Mortgage's alleged damages. Prior to this April 1st request, the Corporate Defendants submitted a Memorandum of Law relating to the question of damages which was drafted for purposes of facilitating settlement discussions. Included within that Memorandum was a Statement of Facts section. Although the Statement of Facts section from this previously filed Memorandum remains largely unaltered, the Statement of Facts from the Memorandum is repeated herein in order to comply with Local Rule 56.1.

**Statement of Jurisdiction and Venue**

1. Jurisdiction is proper pursuant to 28 U.S.C. §1332(a).

2. Venue is proper in the Northern District of Illinois pursuant 28 U.S.C. §1391. See Court record for Order of the District Court of New Jersey dated August 21, 2003.

3. True and correct copies of the Original Complaint and Second Amended Complaint filed by Freedom Mortgage Company ("Freedom Mortgage") are contemporaneously produced herewith in an Exhibit Binders ("Exhibit") as Exhibits 1 and 2 and are incorporated by reference herein. [2]

**Statement of the Parties (as Alleged by Freedom Mortgage in the Second Amended Complaint)**

For purposes of the Memorandum on Damages, the Corporate Defendants accept the allegations made by Freedom Mortgage regarding the Parties and the underlying mortgage fraud scheme as true. A summary of the parties and their alleged involvement as plead by Freedom Mortgage is as follows:

**A. The Fraud against Freedom Mortgage and the Pre-Funding Appraisals**

4. Freedom Mortgage is engaged in the business of making mortgage loans. Exhibit 2, ¶1.[3]

5. In the instant matter, Freedom Mortgage made nine loans ("Loans") to

[2] The First Amended Complaint is not discussed simply because the allegations are redundant. The Original Complaint is referenced herein because the filing date of the Original Complaint is relevant to Movant's arguments in the Memorandum on Damages.

[3] Corporate Defendants have attached Exhibit Binders ("Exhibit") containing true and correct copies of documentation relevant to this Court's consideration of the subject of damages. Those documents are incorporated by reference herein.

certain borrowers ("Borrowers") with respect to nine Chicago properties ("Properties"). Exhibit 2 ¶¶56-73, 74-86, 87-99, 100-112, 113-125, 126-135, 136-147, 148-158, 159-170. Freedom Mortgage evidenced the Loans by notes ("Notes") and secured the Loans by mortgages ("Mortgages"). Exhibit 2, ¶¶62-63, 78-81, 90-92, 103-105, 116-118, 128-130, 138-140, 150-152 and 162-164.

6. Freedom Mortgage initially sold the Loans to investors. Exhibit 2, ¶¶66, 81, 95, 108, 121, 131, 143, 155 and 167.

7. Freedom Mortgage alleges that it was defrauded by the defendants in a mortgage fraud scheme. Exhibit 2, ¶¶1-55. Each defendant is accused of purportedly having a role in the commission of the fraud against Freedom Mortgage.

8. For example, certain appraisers ("Appraisers") prepared and submitted appraisals to Freedom Mortgage as part of the loan underwriting process ("Pre-funding Appraisals"). Exhibit 2, ¶¶8-11. The Pre-funding Appraisals are purportedly "defective" and "grossly exaggerated". Exhibit 2, ¶¶71, 84, 97, 107,123, 133, 145, 157, 169. Freedom Mortgage discovered the defects in the Pre-Funding Appraisals through appraisals made after the funding of the Loans ("Subsequent Review Appraisals"). Exhibit 2, ¶¶71, 84, 97, 110, 123, 133, 145, 157, 169.

9. The Borrowers and sellers of the Properties ("Sellers") are also named in the Second Amended Complaint as part of the mortgage fraud scheme. Specifically, the Borrowers are accused of participating in the mortgage fraud scheme by misrepresenting "financial and other information on the loan

applications" prior to the funding of the Loans and conspiring with the sellers of the Properties in artificially inflating the value of the Properties. Exhibit 2, ¶¶36, 56-59, 74-76, 87-90, 101-103, 113-116, 126-128, 136-138, 148-150, and 159-162.

### B. Freedom Mortgage's Post-Funding Conduct and the Subsequent Review Appraisals[4]

10. After making the Loans, Freedom Mortgage sold the Loans to investors. Exhibit 2, ¶¶66, 81, 95, 108, 121, 131, 143, 155 and 167. The Borrowers then defaulted on the Loans. Exhibit 2, ¶¶67, 82, 96, 109, 122, 132, 144, 156 and 167. After the default of the Loans, Freedom Mortgage repurchased the Loans from its investors. Exhibit 2, ¶¶67-69, 82-83, 96-97, 109-110, 122, 132, 144, 156, 167-168.

11. Freedom Mortgage performed a "subsequent review appraisal" for each of the Properties ("Subsequent Review Appraisals"). In the "Subsequent Review Appraisals" Freedom Mortgage discovered that the Pre-funding Appraisals were "defective and had not been performed in accordance with industry standards in Chicago, that the comparables used...were incorrect, prior sales of comparable properties at lower prices had not been disclosed as they should have been and that the overall value of the property had been grossly exaggerated" by the Appraisers. Exhibit 2, ¶¶71, 84, 97, 110, 123, 133, 145, 157, 169.

[4] For purposes of this section of the brief, the Corporate Defendants again assume *arguendo* the allegations contained in Freedom Mortgage's Second Amended Complaint (referenced and incorporated herein as "Exhibit 2") as true.

## C. Freedom Mortgage's Post-Funding Conduct and the Foreclosures

The following conduct of Freedom Mortgage is not discussed in the Second Amended Complaint. However, the Corporate Defendants request that this Court take judicial notice pursuant to F.R.E. 201 of the following facts regarding Freedom Mortgage's post funding conduct with respect to the Properties:

12. In response to the default of the Loans, Freedom Mortgage's investor, Mortgage Electronic Systems, Inc. a/k/a MERS ("MERS") as nominee for Freedom Mortgage, filed state court foreclosure actions in the Circuit Court of Cook County against the Borrowers of the Properties (the "Foreclosures"). True and correct copies of the Foreclosure Complaints are contemporaneously produced herewith as Exhibits 3(A) through 3(I).

13. Each of the Foreclosure actions included an entry of a judgment in favor of MERS as nominee for Freedom Mortgage (the "Judgment Orders"). True and correct copies of the Judgment Orders are contemporaneously produced herewith as Exhibit 4(A) through 4(I).

14. Based on the Judgment Orders, the Properties were sold at judicial auctions (the "Auctions"). The selling officer at the Auctions submitted reports of sale within the Foreclosures ("Reports of Sale") that memorialized facts relating to the Auction. True and correct copies of the Reports of Sale are contemporaneously produced herewith as Exhibits 5(A) through 5(I). As is reflected on the Reports of Sale, MERS as nominee for Freedom Mortgage was the successful bidder at the Auctions. Exhibits 5(A) through 5(I).

15. Further reflected on the Report of Sale included the total amount due to Freedom Mortgage at time of Auction (judgment amount, plus interest, receiver costs, etc.), bid amount and deficiency information relating to the Properties is as follows:

| | Property address | Total Due Freedom Mortgage | Auction Bid Amount | Deficiency Amount |
|---|---|---|---|---|
| A. | 735 North Springfield | $273,089.18 (Exhibit 5(A)) | $133,700.00 (Exhibit 5(A)) | $139,389.18 (Exhibit 5(A)) |
| B. | 708 North Drake | $290,304.86 (Exhibit 5(B)) | $290,304.86 (Exhibit 5(B)) | $0.00 (Exhibit 5(B)) |
| C. | 728 North Hamlin | $284,445.65 (Exhibit 5(C)) | $284,445.65 (Exhibit 5(C)) | $0.00 (Exhibit 5(C)) |
| D. | 419 North Drake | $268,057.07 (Exhibit 5(D)) | $139,121.50 (Exhibit 5(D)) | $128,935.57 (Exhibit 5(D)) |
| E. | 4112 West Potomac | $312,457.33 (Exhibit 5(E)) | $312,457.33 (Exhibit 5(E)) | $0.00 (Exhibit 5(E)) |
| F. | 7953 South Escanaba | $244,211.37 (Exhibit 5(F)) | $143,500.00 (Exhibit 5(F)) | $100,711.37 (Exhibit 5(F)) |
| G. | 536 West 61st Place | $122,998.95 (Exhibit 5(G)) | $71,950.00 (Exhibit 5(G)) | $51,048.95 (Exhibit 5(G)) |
| H. | 708 North Spaulding | $280,812.71 (Exhibit 5(H)) | $197,100.00 (Exhibit 5(H)) | $83,712.71 (Exhibit 5(H)) |
| I. | 735 North Christiana | $277,309.30 (Exhibit 5(I)) | $195,152.00 (Exhibit 5(I)) | $82,157.30 (Exhibit 5(I)) |
| | **Total:** | **$2,353,686.42** | **$1,767,731.34** | **$585,955.08** |

16. Subsequent to the submittal of the Reports of Sale, the Court issued final orders confirming the sale of the Properties to MERS as nominee for Freedom Mortgage at the Auction ("Final Orders"). True and correct copies of the Final Orders are contemporaneously produced herewith as Exhibits 6(A) through 6(I).

17. MERS as nominee for Freedom Mortgage took title to the Property through the Final Orders. Exhibits 6(A) through 6(I). Excerpts taken from the Final Orders are as follows:

| | **Property address** | **Comments in Final Orders** |
|---|---|---|
| A. | 735 North Springfield | "That said sale was fairly and properly made.... <br><br> IT IS THEREFORE ORDERED:... <br> That there shall be an IN REM deficiency judgment entered in the sum of $139,389.18 with interest thereon as statute provided, against the subject property. Plaintiff shall not collect on the Note." (Exhibit 6(A)) |
| B. | 708 North Drake | "That said sale was fairly and properly made... <br><br> IT IS THEREFORE ORDERED:... <br> That there shall be an IN REM deficiency judgment entered in the sum of $0.00, with interest thereon as provided by statute against the subject property. <br><br> That the Plaintiff will not pursue collection of the note;" (Exhibit 6(B)) |
| C. | 728 North Hamlin | "That said sale was fairly and properly made... <br><br> IT IS THEREFORE ORDERED... <br> That the sale of the mortgaged real estate involved herein and the Report of Sale and Distribution filed by the Selling Officer are hereby approved, ratified and confirmed;" (Exhibit 6(C)) |
| D. | 419 North Drake | "That KCFS [Special Commissioner that conducted the Auctions] has in all matters proceeding in due form of law and in accordance with the terms of said former Judgment of this Court, and that the sale was made by KCFS and distribution of the proceeds were in all respects legal and proper.... <br><br> IT IS FURTHER ORDERED that an in rem deficiency be ordered in favor of the plaintiff in the amount of $128,935.57. The Plaintiff will not pursue any deficiency by filing a separate proceeding based upon the amount owed under the terms of the note." (Exhibit 6(D)) |

| | | |
|---|---|---|
| E. | 4112 West Potomac | "The court having examined said reports finds that the Selling Officer's [sic] has in every respect proceeded in accordance with the terms of the Court's Decree and that said sale was fairly and properly made, and that the proceeds derived therefrom were properly distributed and were sufficient to pay on full the amount due Plaintiff pursuant to said Decree, including fees, disbursements and commissions of said sale.<br><br>IT IS ORDERED that the sale of the premises involved herein by said commissioner, the distribution by him of the proceeds of sale, issuance of the Commissioner's Certificate of Sale and his Report of Sale and Distribution of proceeds of said sale, be and the same is hereby approved and confirmed." (Exhibit 6(E)) |
| F. | 7953 South Escanaba | "That said sale was fairly and properly made;....<br><br>IT IS THEREFORE ORDERED:...<br>That the proceeds of the sale by distributed in accordance with the Report of Sale and Distribution; ....<br>That the proceeds of said sale were insufficient to satisfy the judgment.....<br><br>That the Plaintiff will not pursue collection of the note" (Exhibit 6(F)) |
| G. | 536 West 61st Place | "That said sale was fairly and properly made; ....<br><br>IT IS THEREFORE ORDERED:...<br>That there shall be an IN REM deficiency judgment entered in the sum of ($51,048.95), with interest thereon as provided by statute against the subject property;<br><br>That the Plaintiff will not pursue collection of the note;" (Exhibit 6(G)) |
| H. | 708 North Spaulding | "That said sale was fairly and properly made;....<br><br>IT IS THEREFORE ORDERED:...<br>That there shall be an IN REM deficiency entered in the sum of $83,712.71 with interest thereon as by statute provided, against the subject property[;]...<br><br>Plaintiff will not be suing the mortgagors personally on |

| | | |
|---|---|---|
| | | the Note for the deficiency." (Exhibit 6(H)) |
| I. | 735 North Christiana | "[T]he terms of the Sale were fair and conscionable; the Sale was conducted fairly and without fraud.... IT IS THEREFORE ORDERED... There shall be an IN REM deficiency judgment entered in the sum of $82,157.30, with interest thereon as by statute provided, against the subject property.... Plaintiff will not pursue collection of the note." (Exhibit 6(I)) |

## D. Chronology of Freedom Mortgage's Post-Funding Conduct[5]

18. The chronology of events is relevant to this Corporate Defendants' arguments of Freedom Mortgage's knowledge of the value of the Properties at the time that it bid at the Auctions. A relevant chronology of material events is as follows:

| | Property address | Subsequent Review Appraisal Date | Date First Complained of in this Lawsuit | Dates of Auctions | Date of Final Orders |
|---|---|---|---|---|---|
| A. | 735 North Springfield | 4/9/2002 (Exhibit 2, ¶71) | 2/13/2003 (Exhibit 1) | 3/12/2003 (Exhibit 5(A)) | 4/3/2003 (Exhibit 6(A)) |
| B. | 708 North Drake | 7/1/2002 (Exhibit 2, ¶84) | 2/13/2003 (Exhibit 1) | 7/8/2003 (Exhibit 5(B)) | 8/6/2003 (Exhibit 6(B) |
| C. | 728 North Hamlin | 7/1/2002 (Exhibit 2, ¶97) | 2/13/2003 (Exhibit 1) | 6/27/2003 (Exhibit 5(C)) | 7/23/2003 (Exhibit 6(C)) |
| D. | 419 North Drake | 7/1/2002 (Exhibit 2, ¶110) | 2/13/2003 (Exhibit 1) | 3/12/2003 (Exhibit 5(D)) | 4/8/2003 (Exhibit 6(D)) |
| E. | 4112 West Potomac | 10/15/2002 (Exhibit 2, ¶123) | 2/13/2003 (Exhibit 1) | 7/17/2003 (Exhibit 5(E)) | 10/7/2003 (Exhibit 6(E)) |

[5] The dates supporting the chronology of events are taken from (a) the allegations made by Freedom Mortgage in the Second Amended Complaint; (b) the Foreclosure pleadings; or (c) the Court record of this Lawsuit.

| | | | | | |
|---|---|---|---|---|---|
| F. | 7953 South Escanaba | 10/15/2002 (Exhibit 2, ¶133) | 2/13/2003 (Exhibit 1) | 5/13/2003 (Exhibit 5(F)) | 5/27/2003 (Exhibit 6(F)) |
| G. | 536 West 61st Place | 10/14/2002 (Exhibit 2, ¶145) | 2/13/2003 (Exhibit 1) | 6/17/2003 (Exhibit 5(G)) | 6/26/2003 (Exhibit 6(G)) |
| H. | 708 North Spaulding | 7/6/2003 (Exhibit 2, ¶157) | 12/7/2004 (Exhibit 2) | 3/26/2003 (Exhibit 5(H)) | 4/8/2003 (Exhibit 6(H)) |
| I. | 735 North Christiana | 9/14/2002 (Exhibit 2, ¶169) | 12/7/2004 (Exhibit 2) | 3/26/2003 (Exhibit 5(I)) | 4/8/2003 (Exhibit 6(I)) |

**Respectfully submitted by:**
**TICOR TITLE INSURANCE COMPANY; EXETER TITLE COMPANY AND BURNHAM MORTGAGE, INC.**

By: ______________________
One of their attorneys

Gregory R. Meeder, 6184414
James T. Mueller, 6226986
Barbara A. Gimbel, 62556000
Holland & Knight LLC
One Mid America Plaza, Suite 1000
Oakbrook Terrace, Illinois 60181
(630) 954-7568- direct dial of GRM
(312) 715-6575-direct dial of JTM
(630) 954-7604-direct dial of BG

David M. Rownd, 06207951
Adam Toosley, 6276856
Richard H. Chapman, 06183201
James L. Oakley, 6280737
Fagel Haber LLC
55 East Monroe, 40th Floor
Chicago, Illinois 60603
(312) 346-7500

# 2466185_v3