IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FREEDOM MORTGAGE CORPORATION, ) | | |
| ) | | |
| Plaintiff, ) | No. 03 C 6508 | |
| v. ) | | |
| ) | Judge Robert W. Gettleman | |
| BURNHAM MORTGAGE, INC., EXETER ) | | |
| TITLE COMPANY, TICOR TITLE INSURANCE ) | | |
| COMPANY, JAMES C. PEDDLE, DERRICK ) | | |
| DAVIS, ERIC C. VEHOVC, MARKET VALUE ) | | |
| APPRAISAL, INC., MAYA N. JORDAN, LARRY ) | | |
| D. BURKS, KEVIN R. BRISKER, JOHN ) | | |
| JEFFREY HLAVA, ADAM BAT, ADAM ) | | |
| BUTAR, ZBIGNIEW RYMARZ, WALDEMAR ) | | |
| FLORKIEWICZ, DOROTHY SPANN, ) | | |
| CHARLENE ADAMS, KUBA JASNY, a/k/a ) | | |
| Grosz Piotr, BARBARA ODRZYWOLSKA, ) | | |
| MAREK MAKA, a/k/a Leszek Dobrowski, ) | | |
| BOGDAN PAWLAK, KRYSTIAN ZEBROWSKI, ) | | |
| and PIOTR ULOSZONEKIC, ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

This action was originally filed in the United States District Court for the District of New Jersey on February 13, 2003, by plaintiff Freedom Mortgage Corporation, and was transferred to this court on August 20, 2003. Plaintiff alleged a mortgage fraud scheme concerning nine properties in Chicago, Illinois, and named as defendants Burnham Mortgage, Inc. ("Burnham"), Exeter Title Company ("Exeter"), Ticor Title Insurance Company, ("Ticor"), John Jeffrey Hlava, "(Hlava"), and numerous other individuals. The fourth amended complaint, like the ones that preceded it, alleges claims for breach of contract, fraud, negligent misrepresentation, civil RICO, breach of fiduciary duty, negligence, civil conspiracy, negligent retention, negligent supervision, vexatious refusal to pay insurance claim, and violation of the Illinois Consumer Fraud and

Deceptive Practices Act. The case was assigned to Judge Mark Filip[1], who left the bench in March 2008 to become Deputy Attorney General at the United States Department of Justice.

Early in the litigation before Judge Filip, the parties determined to address the issue of plaintiff's damages. Defendants filed motions for partial summary judgment in April 2005, and those motions were fully briefed in June 2005. On March 13, 2006, Judge Filip entered a memorandum opinion and order (Docket No. 147) granting defendants' motions in part. The fourth amended complaint was filed on January 15, 2007. On March 1, 2007, defendant Ticor filed a "Motion for Clarification as to this Court's March 16, 2006 Opinion and Motion for Summary Judgment on the Issue of Freedom Mortgage's Alleged Damages," and defendant Hlava filed a motion to dismiss. The other defendants joined Ticor's motion. That motion was fully briefed by July 2007.

On March 5, 2008, prior to Judge Filip's resignation from the bench, he issued an order (Docket No. 240) striking the pending motions without prejudice because the case was to be reassigned to a new district judge. The case was thereafter reassigned to this court which, on March 27, 2008, reinstated Ticor's motion for summary judgment, noting that all defendants joined that motion. The court was not requested to reinstate Hlava's motion to dismiss, which remains stricken. Accordingly, this memorandum opinion and order addresses Ticor's motion for clarification and for summary judgment on the issue of damages.

---

[1]The case was originally assigned to Judge Norgle, and reassigned to Judge Filip in May 2004.

The facts underlying this action were stated in detail in Judge Filip's opinion, reported at 2006 WL 695467 ("Freedom Mortgage I"), and will not be repeated here.[2]

Defendants' instant motion seeks what should be obvious to any reader of the Freedom Mortgage I opinion: that the court granted summary judgment with respect to six of the nine properties at issue: 708 North Drake, 728 N. Hamlin, 4112 W. Potomac (based on the "Full Credit Bid Rule"), 356 W. First Place, 708 N. Spaulding, and 735 N. Christiana (based on collateral estoppel, res judicata and the waiver language in the "Final Orders"). As defendants point out, the only exceptions to Judge Filip's grant of summary judgment were the three properties mentioned in footnote 14 (Freedom Mortgage I, at p. 15-16): 419 North Drake, 7953 S. Escanaba and 735 N. Springfield (the "Subject Properties"). To reiterate, Judge Filip found and this court confirms, that defendants are entitled to summary judgment on the six properties other than the Subject Properties because plaintiff has failed to prove damages. Accordingly, this court will address only the Subject Properties and, for the reasons discussed below, awards summary judgment to defendants on those properties as well.

In footnote 14 of the Freedom Mortgage I opinion, Judge Filip found that there were contested factual issues raised by plaintiff's affidavit testimony that, "not withstanding the allegations in the verified complaints in the foreclosure actions: that [plaintiff] transferred the original notes and mortgages for these three properties to DLJ Mortgage Capital, Inc. ["DLJ"]; that [plaintiff] did not participate in any stage of the foreclosure litigation in directing MERS [the named plaintiff in the foreclosure actions as nominee for plaintiff in the instant case]; and that [plaintiff] had no involvement with the respective three properties over the related

---

[2]This opinion will employ the same terms of art used in Freedom Mortgage I.

foreclosures until after the court orders approving the respective selling officer's report of sale and distribution and order for possession were entered."

The court has reviewed the record and concludes that there are no contested issues of material fact that would preclude summary judgment for defendants in connection with the Subject Properties. Even if plaintiff's position that it had nothing to do with the foreclosures on these properties is taken as true, plaintiff cannot escape the fact that it has accepted an assignment of the notes and mortgages from DLJ, and thus stands in DLJ's shoes as its assignee. See J.A, Canel v. Federal Home Loan Mortgage, 1985 WL 2929, *2 (N.D. Ill. 1985); John O. Schofield, Inc. v. Nikkel, 314 Ill.App.3d 771, 783 (5th Dist. 2000). As such, plaintiff is bound by the doctrine of res judicata from contesting the final judgments in the foreclosure actions.[3]

Plaintiff's primary position opposing defendants' motion for summary judgment is its contention that because "some" of the mortgagors for the Subject Properties (as well as the other six) were allegedly fictitious,[4] the judgments are void ab initio, and plaintiff thus could not be bound by them. See e.g., Bogseth v. Emanuel, 166 Ill.2d 507, 508, 655 N.E.2d 888, 891 (1995). Accordingly, plaintiff states that it "may then move to vacate the Final Orders in the Circuit Court of Cook County on the grounds of void judgments against nonexistent entities. Because

---

[3]In addition, as Ticor points out, plaintiff cannot complain about DLJ's handling of the foreclosure actions (assuming as true that DLJ alone handled those proceedings) in light of the provision in the Repurchase Agreement between plaintiff and DLJ granting DLJ the "sole and absolute discretion" for "servic[ing]" these mortgages, including prosecuting foreclosure proceedings.

[4]Plaintiff asks this court to take "judicial notice" of the guilty pleas in state court of two defendants (Mark Maka and Kuba Jasuz) under Fed. R. Evid. 201(b). Although the guilty plea elocutions may be admissible against these defendants as an admission under Fed. R. Evid. 801(d), they would be hearsay as against the other defendants.

4

only further discovery will bear out this issue, it would be premature for [this] court to foreclose [plaintiff's] damages on the basis of the Final Orders at this stage in the litigation."

The obvious problem with this line of argument is that, in the five years that this case has been pending, plaintiff has apparently failed to take any action in the Circuit Court of Cook County to vacate the judgments.[5] The reason for plaintiff's inaction is apparent. As Ticor points out, the time to challenge the Final Orders has likely expired pursuant to 735 ILCS 5/2-1301(g) and 1509(c). In addition, as Exeter points out, under the "Mend the Hold" doctrine, plaintiff would be precluded from attacking its own judgment." See Larson v. Johnson, 1 Ill.App.2d 36, 47, 116 N.E.2d 187 (1st Dist. 1953).

Finally, to the extent that plaintiff suggests that it could attack the foreclosure judgments on the Subject Properties in this court, the Rooker-Feldman doctrine precludes subject matter jurisdiction in the federal courts to allow collateral attacks against state court judgments. See Brokaw v. Weaver, 305 F.3d 660, 664 (7th Cir. 2002) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Colombia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).

For the foregoing reasons, the court grants summary judgment to defendants and against plaintiff on all claims in the fourth amended complaint.

**ENTER:** July 11, 2008

_____
**Robert W. Gettleman
United States District Judge**

---

[5]To the extent that plaintiff's purported need for discovery has any merit, the court notes that there has been no stay of discovery issued in this case and that, apart from the guilty pleas mentioned above, no evidence has been tendered to indicate that the Final Orders are void.