# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **FREEDOM MORTGAGE CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 03 C 6508 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| **BURNHAM MORTGAGE, INC., et al.,** | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on plaintiff Freedom Mortgage Corporation's objections to the Bills of Costs of Defendants, Ticor Title Insurance Company ("Ticor"), Eric Vehovc, and Exeter Title Company ("Exeter") for the amounts of $20,772.44, $1,017.73 and $2,055.30, respectively. Although the district court granted defendant Eric Vehovc leave to file a bill of costs, defendant failed to do so. Therefore Vehovc's bill of costs is not at issue here.

Plaintiff objects to the following categories of charges in each bill of costs: photocopying, exemplification, facsimiles, long-distance telephone and cellular phone calls, PACER and Westlaw research, travel costs, and postage, Federal Express and UPS charges. Recoverable costs pursuant to Federal Rule of Civil Procedure 54(d)(1) are designated in 28 U.S.C. § 1920(4). Plaintiff requests the Court deny each defendant's bill of costs in their entirety. Although the Honorable Robert Gettleman granted defendants leave to join Ticor's motion to file a reply to plaintiff's objection, the only defendant to file an objection was Ticor. The Court will, therefore, address only those arguments presented by Ticor in support of its bill of costs. For the reasons set forth below, plaintiff's objections are sustained in part and overruled in part. Exeter's Bill of Costs is reduced to $21.00 [dkt 264] and Ticor's Bill of Costs is denied in its entirety [dkt 267].

**A. Photocopying and Exemplification Charges**

Plaintiff argues that defendants, while entitled to recover photocopy and exemplification charges, failed to record these charges in a manner that allows for proper judicial review. "Fees for exemplification and copies of papers necessarily obtained for use in [a] case" are recoverable costs.[1] Yet a court can only impose costs upon a losing party when the expenses are allowed under 28 U.S.C. § 1920 and are "reasonable, both in amount and necessity to the litigation."[2] The invoices provided by Ticor fail to identify the particular purposes of any photocopy or exemplification. Ticor asserts that it should not be burdened with providing detailed descriptions of photocopying costs arguing that it would make it economically impossible to recover those costs. Ticor exaggerates the difficulty in providing sufficient descriptions of photocopies and ignores the Court's need for the most basic descriptive reporting in assessing whether a photocopy was truly necessary to the litigation. The absence of entries describing what documents were photocopied, and for what purpose, prohibits the Court from weighing in on the necessity of the photocopying and exemplification charges.[3] Therefore, the Court will not allow Ticor to recover the costs of photocopying and exemplification.

Exeter's Bill of Costs suffers from the same deficiencies in its description of photocopied materials. The Bill of Costs fails to describe any of the types of documents photocopied or their use in the litigation. Such lack of description is not recoverable.[4] The itemized entry detailing Exeter's payment of $21.00 for a copy of the Court file from the Clerk of the Northern District of Illinois,

---

[1] 28 U.S.C. § 1920(4) (2000).
[2] *Angevine v. Watersaver Faucet Co.,* 2003 WL 23019165, *1 (N.D.Ill. Dec. 23, 2003) (citing *Deimer v .Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1993)).
[3] *Angevine*, 2003 WL 23019165 at *7 (citing *Shah v. Village of Hoffman Estates*, 2003 WL 21961362 (N.D.Ill. Aug. 14, 2003)) (holding descriptions of quantities and what documents were copied aid the court in determining the necessity of copying to the litigation).
[4] *Id*. (citing *Glenayre Electronics, Inc. v. Jackson*, 2003 WL 21947112, *3 (N.D.Ill. Aug. 11, 2003)) (stating "bare-bones" billing statements failed to provide required detail).

however, adequately describes the necessity and purpose for the copying. Exeter may, thus, recover the $21.00 in exemplification and photocopying expenses.

**B. Computerized PACER and Westlaw Research**

Plaintiff argues that computerized research on Westlaw and PACER should not be recoverable via a bill of costs since such research is categorized as attorney's fees. The Seventh Circuit Court of Appeals has held that computerized research costs are attorney's fees and not recoverable under a bill of costs.[5] Ticor stipulated to this point as it is contemporaneously seeking attorney's fees in a separate motion. Ticor's initial request of $14,978.52 for such research costs is, therefore, moot. Plaintiff's objection to Exeter's research costs of $1,744.26 is sustained.

**C. All Other Charges**

Plaintiff argues that defendants' costs for facsimiles, long-distance telephone calls, attorney travel fees, and postage or delivery charges should not be recoverable under their bills of costs. Facsimiles,[6] long-distance telephone charges,[7] and attorney travel fees[8] are all ordinary business expenses and should be included in attorney's fees. Neither Exeter nor Ticor attempts to refute plaintiff's claims that these charges should be excluded from their bills of costs. It should be further noted that facsimile charges, telephone charges and travel expenses are not enumerated under 28 U.S.C. § 1920.[9] Plaintiff's objections to Exeter's telephone charges and Ticor's facsimile, telephone charges, and travel expenses are, therefore, sustained in their entirety.

---

[5] *See Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1440-41 (7th Cir. 1994) (analogizing library research, which is clearly attorney's fees, with similar research performed on a computer).

[6] *See Angevine*, 2003 WL 23019165 at *7 (acknowledging that facsimile have been recovered under attorney's fees but holding that they are not recoverable as costs); *Amati v. Woodstock*, 1998 WL 299362, *5 (N.D.Ill. May 27, 1998) (stating facsimile charges are not mentioned under 28 U.S.C. § 1920 and are not analogous to copy charges).

[7] *See Telular Corp. v. Mentor Graphics Corp.*, 2006 WL 1722375, *11 (N.D.Ill. June 16, 2006) (stating telephone charges are not enumerated and thus, not enforceable under 28 U.S.C. § 1920).

[8] *See Tuf Racing Products, Inc. v. Am. Suzuki Motor Corp.*, 1999 WL 669226, *4 (N.D.Ill. Aug. 27, 1999) (stating travel expenses are professional services and recoverable as attorney's fees).

[9] *See Telular Corp.,* 2006 WL 1722375 at *11.

The last disputed category of recoverable costs includes Ticor's charges for postage and other delivery or messenger services. Ticor cites to authority that holds costs associated with messenger services should be specifically recoverable in a bill of costs.[10] More recent precedent refutes Ticor's request for messenger and postal charges, declaring Federal Express delivery charges, messenger service charges and package delivery unrecoverable under 28 U.S.C. § 1920.[11] Plaintiff also appeals to the current practice of electronic document delivery, with parties no longer needing to send materials by courier, messenger service, or Federal Express. For messenger service costs to be recoverable in a party's bill of costs, the party must explain why it was necessary to use the service.[12] In this case, counsel filed and delivered all pleadings to opposing counsel through the federal courts' CM/ECF and PACER systems. Ticor offers no explanation for incurring numerous messenger charges in its response to the plaintiff's objection. The Court, thus, sustains plaintiff's objections to the inclusion of postage, mailing, and messenger charges on Ticor's Bill of Costs.

**D. Conclusion**

For the reasons stated above, plaintiff's objections are sustained in part and overruled in part. Plaintiff's objections to Ticor's Bill of Costs are sustained in their entirety. Exeter's Bill of Costs is reduced by $2,034.30, leaving a total of $21.00.

**IT IS SO ORDERED.**

**ENTERED:** October 3, 2008

UNITED STATES MAGISTRATE JUDGE

---

[10]*See Commodity Futures Trading Comm'n v. Richards*, 1996 WL 515160, *2 (N.D.Ill. Sept. 6, 1996) (citing *Harris Trust and Sav. Bank v. American Nat. Bank and Trust Co. of Chicago*, 594 N.E.2d 1308, 1312 (Ill. App. Ct. 1992)) (holding fees paid to third-party messenger services are recoverable).

[11]*See Telular Corp.,* 2006 WL 1722375 at *11; *Angevine*, 2003 WL 23019165 at *9.

[12]*See AA Sales & Associates, Inc. v. JT&T Products Corp.*, 2001 WL 855867, *1 (N.D.Ill. July 27, 2001) (holding defendant failed to explain why it was necessary to use a messenger service).