**FREEDOM MORTGAGE**
1288 Route 73 South Suite 400
Mount Laurel, NJ 08054

Phone: (800) 220-3333
Fax: (856) 222-4294

Broker Agreement

EXHIBIT

A

This agreement is entered into in the State of _Illinois_, this _17th_ day of _June_ 2001 between Freedom Mortgage Corporation, hereinafter referred to as "Freedom Mortgage", and _Benham Mortgage_, hereinafter referred to as "Broker".

Whereas, Broker wishes from time to time to sell and Freedom Mortgage wishes from time to time to buy all of Broker's rights, title and interest in and to certain Promissory Notes secured by a first or second lien on residential real property provided certain conventional mortgages conform to Freedom Mortgage's underwriting standards.

Whereas, the parties wish to establish a non-exclusive relationship between and for the benefit of Freedom Mortgage and Broker. Broker will submit to Freedom Mortgage, on behalf of Broker's real property secured loan applications, hereinafter referred to as "Applicant", complete loan application packages for review and underwriting.

Now therefore, in consideration of promises, covenants, and agreements hereinafter contained, the parties agree as follows:

1. **General Broker Responsibility:**

Broker shall perform all of the following items at Broker's sole expense and agrees to these conditions in addition to the other promises, representations and covenants contained herein:

A. Submit to Freedom Mortgage completed loan application packages for applicants under such programs, procedures, and fee schedules as Freedom Mortgage periodically may establish.

B. Furnish Freedom Mortgage applicant credit, financial and other information as Freedom Mortgage may require.

C. Provide such information as Freedom Mortgage may reasonably request to assist Freedom Mortgage in marketing the loans to secondary markets.

D. Perform such other services, as Freedom Mortgage shall require to close loans.

E. Broker acknowledges that the content of loan packages submitted to Freedom Mortgage immediately becomes the property of Freedom Mortgage, and all information contained therein may be subject to Freedom Mortgage independent verification.

F. Broker agrees to comply with all applicable local, state and federal laws, including but not limited to, Real Estate Settlement Procedure Act, the Equal Credit Opportunity Act, the Truth in Lending Act, the Fair Credit Reporting Act and any other governmental regulatory agent requirements relevant to brokerage of real property secured loan applications.

2. **Broker Warranties:**

Broker represents and warrants to Freedom Mortgage both at the time any loan package is submitted to Freedom Mortgage, and at the time that any loan is funded and closed, that:

A. None of the statements or information contained in any loan package will contain any untrue or erroneous statement or admission of a material fact which would, in any way, affect Freedom Mortgage's loan application review and approval. Broker understands that by making the warranty contained in this paragraph, it is warranting the accuracy of all information contained in any loan package submitted to Freedom Mortgage.

B. Broker is duly licensed Real Estate Broker or licensed to do business in the state(s) of _Illinois_, and possesses and agrees to maintain as valid, all necessary licenses, permits, and authority to engage in activities contemplated by this Agreement.

C. Unless disclosed to Freedom Mortgage in writing before the funding of any loan, broker shall not Receive any direct or indirect payment from any third party with respect to the loan, including without limitation, payment involving escrow, appraisal or sale, and Broker shall have no direct or indirect ownership in any property acting as security for the loan being reviewed by Freedom Mortgage for purposes of purchase.

D. Broker, if it is a corporation, is duly organized, validly existing and in good standing under appropriate state laws, and has full power and authority to won its assets and carry on its business as it is now being conducted and is duly qualified to transact business as a foreign corporation in all states where such qualification is required.

E. All real estate appraisals made in connection with each loan shall have been performed in in accordance with Freedom Mortgage's Underwriting Guidelines and with industry standards in the appraising industry in areas where the appraised property is located. Furthermore, a Freedom Mortgage approved appraiser must perform all appraisals.

F. That all loan applications submitted to Freedom Mortgage will be originated as prepared by trained, licensed as necessary, employees of Broker, competent in all aspects of mortgage lending activities and will be properly originated, prepared and completed in accordance with the procedures and guidelines of Freedom Mortgage, which shall be known to Broker. Further, Broker agrees to deliver to Freedom Mortgage any and all exhibits or documents contained or prepared by the Broker in connection with each loan submitted.

G. That Broker has the requisite authority and capacity to enter into the Agreement.

*EXHIBIT P-1*

H.    That Broker shall not accept any individual Brokers from its Brokers services, appraisal services, or compensation as a participant, either directly or indirectly, in a loan transaction submitted to Freedom Mortgage.

I.    The Broker further warrants that it will not solicit Mortgagor(s) or mortgage portfolios for any Financial services, financial products or refinances for mortgage loans purchased or closed by Freedom Mortgage for a period of one year from the date of settlement.

3.    **Broker Independent Contractor:**

Broker acknowledges that nothing in this agreement shall be construed to create a joint venture between Broker and Freedom Mortgage. In addition, nothing in this Agreement shall be construed to make a Broker a partner, agent, representative, or employee of Freedom Mortgage, and Broker shall not hold itself out as such. Broker may not use Freedom Mortgage's name in any advertising medium. Broker agrees that it shall conduct any and all business activities with Freedom Mortgage in the capacity of an independent contractor. As an independent contractor to Freedom Mortgage, Broker shall determine the method, details and means of performing all services described within this Agreement.

4.    **Indemnification of Freedom Mortgage**

As additional consideration to Freedom Mortgage entering into this contract with Broker, Broker shall indemnify and hold Freedom Mortgage and directors, officers, agents, attorneys, employees, successors and assigns harmless from against and shall reimburse the same with respect to, any and all loss, damage, liability, cost and expense, including reasonable attorney's fees, incurred by reason of, or arising out of, or in connection with, whether the result of negligence or intentional conduct or otherwise, as follows:

1.    Any breach of any representation or warranty contained in this entire Agreement.

2.    Broker's failure to perform any obligation hereunder; and

3.    Any claim by an applicant resulting from Freedom Mortgage's failure or refusal to fund a loan.

Without limiting the generality of the foregoing, Broker's indemnity shall extend to all repurchase demand of any third party to which Freedom Mortgage has sold any loan.

5.    **Freedom Mortgage has Sole Discretion to Approve Loans**

Loan approval shall be within Freedom Mortgage's sole discretion. Broker shall not represent that Freedom Mortgage has approved or will approve any loan until Broker is so informed by Freedom Mortgage in writing. Loans shall close in the name of Freedom Mortgage and Freedom Mortgage shall appear on the Promissory Note and beneficiary. In the event that a loan application is denied, Freedom Mortgage shall cause to be delivered to Broker a statement of credit denial, termination or change. Broker agrees to inform applicant of the adverse action on the loan application in accordance with the regulation of the Equal Credit Opportunity Act.

6.    **Purchase of Loans**

A.    In addition to its obligation to indemnify under paragraph 4, Broker shall purchase any loan at Freedom Mortgage's option if any promise or warrant contained in paragraphs 1 or 2 is breached. Freedom Mortgage shall exercise such option by written notice, which shall itemize the loan's purchase price and state whether the price should be paid to Freedom Mortgage or to any loan purchaser. Within 30 days thereafter, Broker shall pay the full purchase price any cashier's check or certified check, and Freedom Mortgage thereafter shall promptly deliver the loan documentation, including the note and deed of trust, and appropriate instruments of assignments. If the purchase price is not paid in full by such date, then Broker also shall pay a late fee of one percent (1%) of the purchase price to cover Freedom Mortgage's costs, which the parties agree is a reasonable sum considering all of the circumstances existing on the date of this agreement. Acceptance of any late fee shall not constitute a waiver of default and shall not prevent Freedom Mortgage from exercising any other rights and remedies. For purposes of this paragraph 6, loan shall mean (a) funded loan (b) the real property security therefore should Freedom Mortgage or any third party become the owner thereof through foreclosure or otherwise.

B.    The purchase price for any loan subject to purchase under this paragraph 6 shall be the following, Plus all of Freedom Mortgage's reasonable attorney fees expended in connection with the loans purchase:

(a)    If Freedom Mortgage has not sold the loan to a third party, the price shall be:
  (1)  the principal loan amount outstanding plus;
  (2)  the difference between Freedom Mortgage's cost of funds obtained to fund the loan calculated on a daily basis from the date the loan was funded through the date of Broker's purchase plus;
  (3)  foreclosure costs, if any, less;
  (4)  any interest payments made by the Applicant.

(b)    If Freedom Mortgage has sold the loan to a third party, the price shall be:
  (1)  all sums required by the third party to repurchase the loan, including all penalties associated therewith, plus;
  (2)  the difference between Freedom Mortgage's cost of funds required to repurchase the loan calculated on a daily basis from the date of Freedom Mortgage's repurchase through the date of Broker's purchase, plus;
  (3)  foreclosure costs, if any, less;
  (4)  any interest payments made by the applicant to Freedom Mortgage.

7.    **Changes in Underwriting Standards**

Broker agrees that should Freedom Mortgage's underwriting standards be amended at any subsequent time, that Brokers shall comply with all underwriting guidelines and modifications thereto. Any changes

id said underwriting will not affect loans previously submitted to Freedom Mortgage. In the event Freedom purchased a loan, which does not comply with guidelines; the exception must be pre-approved in writing by Freedom Mortgage and Freedom Mortgage may purchase such loans at Freedom Mortgage's option and sole discretion; provided, however, that any such purchase shall not constitute a waiver of the guidelines and shall not obligate Freedom Mortgage to purchase any other loans which do not conform to said guidelines.

**8.  Inspection Rights of Freedom Mortgage**

Broker agrees to keep and maintain such books and records so as to meet and comply with Federal and State laws and regulations. Broker hereby grants permission and authority to Freedom Mortgage to audit said files and to order investigative credit reports on Broker and its principals, employees, and agents as deemed necessary in the sole discretion of Freedom Mortgage. Broker understands that Freedom Mortgage will maintain an active Quality Control System and that Freedom Mortgage will routinely reverify pertinent credit documentation and appraisals submitted by Broker.

**9.  Survival of Representation and Warranties Upon Termination**

It is expressly understood that all representations, promises and warranties made by Broker pursuant to this agreement shall survive any termination of this Agreement, whether voluntary or for cause. Either party upon written notice to the other party may terminate this Agreement.

**10.  Notices**

All notices required herein shall be in writing and shall be deemed to have been given, made and received only:
   a.  upon delivery, if personally delivered to a party.
   b.  one business day after the date of dispatch, if by facsimile transmission.
   c.  one business after deposit, if delivered by a nationally recognized courier service offering guaranteed, overnight delivery; or
   d.  three business days after deposit in the United States mail, certified mail, postage prepaid, return receipt requested at the addresses appearing below.

**11.  Disclosure of Information**

Broker understands and agrees that Freedom Mortgage may report to others instances of Broker making any written material misstatement and/ or omission of a material fact concerning loan application, and/ or knowingly aiding an applicant to do the same. At the sole discretion of Freedom Mortgage this information may be reported to the appropriate state or federal governmental agencies and/ or other persons that Freedom Mortgage may legally provide this information to.

**12.  Governing Laws**

Freedom Mortgage is a corporation duly organized in the State of New Jersey. This agreement and any addendums and modification henceforth executed by and agreed upon by the Broker and Freedom Mortgage are solely governed by the rules, regulations and law of the State of New Jersey and the United States.

**13.  No Assignment of Broker's Rights or Duties**

Broker shall not have the right to assign any of its duties, obligations, or rights under this agreement without the prior written consent of Freedom Mortgage.

**14.  Attorney Fees**

If any legal action proceeding is brought for the enforcement of this Agreement, or because of any alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Agreement, the successful or prevailing party or parties shall be entitled to reasonable attorney's fees and other costs incurred in that auctioneer proceeding, in addition to any other relief to which it or they may be entitled.

**15.  Entire Agreement**

This Agreement constitutes the entire Agreement between the parties pertaining to the subject matter Contained in it and supersedes all prior and contemporary Agreements, representations and understandings. No supplement, modification or amendment shall be binding unless executed by both parties, except where Freedom Mortgage has been specifically granted the right thereunder.

**16.  Enforceability of Agreement**

If any provision of this Agreement is held invalid, void or unenforceable, the remaining provisions shall nevertheless continue in full force without being impaired or invalidated in any way.

**17.  Further Acts of Parties**

Each party shall perform any further acts and execute and deliver any documents that may be reasonably necessary to carry out the provisions of this Agreement.

**18.  Addresses of Notices**

All notices required to be given may be given by registered or certified mail addressed as follows:

Freedom Mortgage

Amounts owed by Broker to Freedom Mortgage under this Agreement may, at Freedom Mortgage's option and in its sole discretion, be offset by Freedom Mortgage against any payments then or thereafter owed by Freedom Mortgage to Broker.

**20. Captions**

Any captions thereunder are convenience or reference only and are not to be construed to be confining or limiting in any way to scope or intent of the provisions hereof.

**21. Waivers**

The waiver of any breach, term, provision or condition of this Agreement shall not be construed to be a Waiver of any other or subsequent breach, term, provision or condition. All remedies afforded by this Agreement of breach hereof shall be cumulative; that is, in addition to all of her remedies provided, or Herein, or at law, or in equity.

**22. Fraud**

All approved Wholesale Loan Brokers must be aware that licensed mortgage broker/ banker bears the responsibility for all actions of his or her employees or licenses. The broker is responsible for the content and quality of each application taken and each loan submitted to Freedom Mortgage.

A. Type of Loan Fraud:

(1) Submission of inaccurate information, including false statements on loan Forgery
Of application(s) and falsification of documents purporting to substantiate credit, employment, deposit and asset information, personal information including identity, ownership/ non-ownership of real property, etc.
(2) partially or predominately accurate information.
(3) incorrect statements regarding current occupancy or intent to maintain minimum continuing occupancy as stated in the security instrument.
(4) Lack of due diligence by broker/ loan officer/ interviewer/ processor, including failure to obtain all information required by the application and failure to request information as dictated by Borrower's response to other questions.
(5) Unquestioned acceptance of information or documentation, which is known, should be known, or should be suspected to be inaccurate.
  1. Simultaneous or consecutive processing of multiple owner-occupied loans from one applicant supplying different information on each application.
  2. Allowing an applicant or interested third party "assist with the processing of the loan
(6) Broker's non-disclosure of relevant information.

B. Consequences:

The effects of Loan Fraud are costly to all parties involved. Freedom Mortgage stands behind the quality of its loan production. Fraudulent loans cannot be sold into the secondary market and, if sold, will require repurchase by Freedom Mortgage. Fraudulent loans damage our reputation, and with our investors and mortgage insurance providers. The price paid by those who participate in Loan Fraud is even more costly. The following is a list of potential consequences that may be incurred:

(1) Consequences to Broker:
  a. Criminal Prosecution.
  b. Loss of Mortgage Broker/ Real Estate/ Mortgage Banker's License.
(2) Loss of lender access due to exchange of information between lenders and mortgage insurance companies including submission of information to investors (FHLMC, FNMA, police agencies, and the department of Banking and Finance)
  a. Civil action by Freedom Mortgage.
  b. Civil action by applicant/ borrower or parties to the transaction.
  c. Loss of approval status with Freedom Mortgage.

(3) Consequences to Borrower
  a. Acceleration of debt (FNMA/ PHLMC Mortgage/ Deed of Trust, revised 9/90). Item #6 states, "Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to lender or failed to provide lender with any material information in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence."

  *Note: Foreclosure action will not allow the Borrower the benefit of reinstatement in order to cure the default. The Borrower must pay off the loan in full prior to the sale date of the property.

  b. Criminal prosecution.
  c. Civil action by Freedom Mortgage.
  d. Civil action by other parties to the transaction, such as seller or real estate agent/ broker.
  e. Employment termination.
  f. Loss of professional license, if any.
  g. Adverse effect on credit history.

## Signatures Required

ing this Agreement, I/ We agree to all the terms listed herein. Altered agreements will be reviewed on a case- by- case basis, and

Broker of Record

_Eric C. Vehon_    _6/13/01_
Signature                Date

Print/Type Name    _Eric Vehon_

Title    _Co-owner_

Company Officer or Principal

_Derrid Davis_    _6/13/01_
Signature                Date

Print/Type Name    _DERRID DAVS_

Title    _Vice President_

Signature                Date

Print/Type Name

Title

_7/11/01_
Signature                Date

Print/Type Name    _Stanley Middleman_

Title    _Pres_
_Freedom Mortgage_

Please forward original application and agreement (signed and dated) to:

Freedom Mortgage
1288 Route 73 South, Suite 400
Mount Laurel, NJ 08054
Attn: Steve Herman

Thank you for your cooperation. We look forward to doing business with you.

EXHIBIT

B

Insured Closing Letter - Exeter Title Company                    http://www.illinois.ticortitle.com/order/icl_lett

 **Ticor Title Insurance Company**

203 N. LaSalle
Chicago, IL 60601
Phone (630)462-3200
Fax (630)462-3626

This faxed transmitted Insured Closing Letter is considered equivalent to an original and no further copy will be mailed.

DATE: Thursday, October 18, 2001

TO: Freedom Mortgage, ISAOA                    RE: Exeter Title Company
    1000 Airium Way, Suite 308                     221 North LaSalle Street, Suite 1030
    Mount Laurel, NJ 08054                         Chicago, IL 60601
    FAX: 253-333-5949.                             Attn: K. Gregory Demos
                                                    FAX: (312) 541-1241

Attention: Closing Department

Dear Sir/Madam:

When title insurance of Ticor Title Insurance Company (the "Company") is specified for your protection in connection with closings of real estate transactions in which you are to be the lessee or purchaser of an interest in land or of lender secured by a mortgage (including any other security instrument) of an interest in land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with such closings when conducted by an Issuing Agent (an agent authorized to issue title insurance for the Company) or an Approved Attorney (an attorney upon whose certification of title the Company issues title insurance) and when such loss arises out of:

1. Failure of the Issuing Agent or Approved Attorney to comply with your written closing instructions to the extent that they relate to (a) the status of the title to said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land, including the obtaining of documents and the disbursement of funds necessary to establish such status of title or lien, or (b) the obtaining of any other document, specifically required by you, but not to the extent that said instructions require a determination of the validity, enforceability or effectiveness of such other document, or (c) the collection and payment of funds due you, or

2. Negligence of the Issuing Agent or Approved Attorney in handling your funds or documents in connection with such closings.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one to four family dwelling shall be protected as if this letter were addressed to your borrower.

Conditions and Exclusions

A.   The Company will not be liable to you for loss arising out of:

   1.   Failure of the Issuing Agent or Approved Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent.

   2.   Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except as it shall result from failure of the Issuing Agent or the Approved Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

*EXHIBIT P-2*

10/18/01 6:35 PM

Insured Closing Letter - Exeter Title Company

http://www.illinois.ticortitle.com/order/icl_letter.s

3. Mechanics' and materialmen's liens in connection with your purchase or lease or construction loan transactions, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the Company.

B. If the closing is to be conducted by an Issuing Agent or Approved Attorney, a title insurance binder or commitment for the issuance of a policy of title insurance of the Company must have been received by you prior to the transmission of your final closing instructions to the Issuing Agent or Approved Attorney.

C. When the Company shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the Company for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

D. Any liability of the Company for loss incurred by you in connection with closings of real estate transactions by an Issuing Agent or Approved Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of the Company.

E. Claims shall be made promptly to the Company at its principal state office at 330 Naperville Road, Suite 101, Wheaton, Illinois 60137, or its principal office at 171 North Clark Street, Chicago, Illinois 60601. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice.

F. The protection herein offered does not extend to real property transactions in the states of Florida, Iowa, New Jersey, Nebraska, Kansas, New Mexico, New York and Texas. Insured closing letters have been regulated under the laws of those states.

The protection herein offered will be effective and will continue until cancelled by Ticor Title Insurance Company.

Any previous insured closing service letter or similar agreement is hereby cancelled except as to closings of your real estate transactions regarding which you have previously sent (or within 30 days hereafter will send) written closing instructions to the Issuing Agent or Approved Attorney.

Yours truly,
Ticor Title Insurance Company

*Michael L. Hanley*

Resident Vice President
Illinois Agency Services

EXHIBIT

tabbies®

C

# FREEDOM
# MORTGAGE
## CORPORATION

**1000 ATRIUM WAY * SUITE 300 * MOUNT LAUREL, NJ 08054**

PHONE: (800) 220 3333 x4290 * FAX: (775) 320 0797

August 12, 2002

Resident Vice President, Illinois Agency Services
Ticor Title Insurance Company
203 N. LaSalle
Chicago, IL 60601

Re:  Properties: 2035 W. Coulter, Chicago (Kasza)   FMC Loan # 01712107
      419 N. Drake, Chicago (Rymarz)   FMC Loan # 01712947
      728 N. Hamlin, Chicago (Bat)   FMC Loan # 01712387
      708 N. Drake, Chicago (Bat)   FMC Loan # 01712247
      735 N. Springfield, Chicago (Bat)   FMC Loan # 01712262

Dear Sir or Madam:

Please accept this letter as a formal Notice of Claim under the Insured Closing Letter issued to Freedom Mortgage Corporation ("FMC") on behalf of your Issuing Agent, Exeter Title Company of 221 North LaSalle Street in Chicago. ("Exeter Title") on or about October 18, 2001.

During the last three months of 2001, Exeter Title closed five (5) FMC loans secured by mortgages on the above captioned properties, each of which is an "early payment" default and is now in foreclosure. As a result, our Investor has demanded that FMC repurchase these loans. Our subsequent review appraisals then revealed that the original appraised values were grossly inflated and that the appraisers (Larry D. Burks and Kevin R. Brisker) had negligently failed to disclose prior sales at much reduced prices. We later obtained certain "Sales and Loan History" reports which confirmed these facts, as well as "chain of title" discrepancies which should have been brought to our attention by Exeter Title, but were not.

Here are the following discrepancies in the original appraisals and chain of title, along with the loan balances on each account:

1. Zbigniew Kasza  - 2035 West Coulter Street, Chicago, IL 60608
   Burks' Appraisal 8/20/01 - $165,000;  Review Appraisal 7/1/02 - $156,000
      Seller's Title obtained by way of Deed from HUD for $0. on 3/16/01
         Unpaid Principal Balance: $131,935.07; Daily Interest: $34.82 since 5/31/02

2. Zbigniew Rymarz - 419 North Drake Street, Chicago, IL 60651
   Brisker's Appraisal 11/5/01 - $297,000;  Review Appraisal 7/1/02 - $160,000
      Seller's Title not of record; prior Deed for $40,000 to "Andy Bobrowski" on 2/23/01
         Unpaid Principal Balance: $237,483.13; Daily Interest: $62.67 since 5/31/02

3. Adam Bat - 728 North Hamlin Street, Chicago, IL 60624
   Burks' Appraisal 8/27/01 - $270,000;  Review Appraisal 7/1/02 - $148,000
      Seller's Title not of record; prior Deed for $40,000 to "Charlene Adams" on 4/12/01
         Unpaid Principal Balance: $242,880.47; Daily Interest: $64.09 since 5/31/02.

4. Adam Bat - 708 North Drake Street, Chicago, IL 60624
   Burks' Appraisal 8/27/01 - $270,000; Review Appraisal 7/1/02 - $169,000
   Prior Deed for $81,500 to seller on 7/17/01
   Unpaid Principal Balance: $242,759.99; Daily Interest: $64.06 since 5/31/02

5. Adam Bat – 735 North Springfield, Chicago, IL 60624
   Burks' Appraisal 8/27/01 - $270,000; Review Appraisal 4/9/02 - $175,000
   Prior Deed for $40,000 to "D. Spann" on 8/10/01; **same day sale** to seller for $120,000
   Unpaid Principal Balance: $242,626.71; Daily Interest: $64.03 since 6/30/02

Under the Insured Closing Letter, Ticor Title Insurance Company agreed to indemnify FMC for any ... "Negligence of the Issuing Agent or Approved Attorney in handling (FMC's) funds or documents in connection with such closings". It is our position that the Issuing Agent was negligent in preparing and/or reviewing the title commitments and other documents and by closing our loans without regard for adverse consequences to FMC. Furthermore, if the sellers' titles are defective, then so too are the buyers' – and as such, our mortgage liens are invalid and claims are viable under the Lender's Policies of Title Insurance as well.

Demand is hereby made that Ticor Title Insurance Company immediately indemnify Freedom Mortgage Corporation and its assignees against any and all loss or damages under the Insured Closing Letter and/or the Lender's Policy of Title Insurance. Kindly acknowledge receipt of this Notice of Claim by return mail.

Sincerely yours,

Kenneth T. Ulrich
Corporate Counsel
Encl.

bcc: Olympus Servicing, LP
   attn: Michelle Harmon



# FREEDOM MORTGAGE CORPORATION

**1000 ATRIUM WAY * SUITE 300 * MOUNT LAUREL, NJ 08054**

**PHONE: (800) 220 3333 x4290  * FAX: (775) 320 0797**

**Kenneth T. Ulrich**
**General Counsel**

June 15, 2004

Claims Department
TICOR Title Insurance Company
203 N. LaSalle
Chicago, IL  60601

Re:  Louchak, Anatoli - 708 N. Spaulding, Chicago, IL (Commitment # 01100101)
     Louchak, Anatoli - 735 N. Christiana, Chicago, IL (Commitment # 01100103)

## NOTICE OF CLAIM

Dear Sir/Madam:

It has come to our attention that the above captioned borrower, Anatoli Louchak, may not have executed the mortgages which were intended as security for the above captioned title insurance commitments and subsequent policies.  The mortgages were arguably void *ab initio* and thus we are filing this claim since the title insurance policy insures the validity and priority of each mortgage lien.

These loans were sold, servicing released, by Freedom Mortgage Corporation to CSFB/DLJ which retained Fairbanks Capital Corporation (Fairbanks) to service the loans. When the loan accounts became delinquent, Fairbanks interviewed the borrower, who informed them on February 6, 2003 that his identity had been stolen, and that a police report had been filed. Apparently, no title claim was ever filed. Foreclosure proceedings continued until the properties were sold to MERS at the Judicial Sale and subsequently re-sold on the open market at losses of $148,804.68 (Spaulding) and $179,471.61 (Christiana), respectively.

CSFB/DLJ is now demanding indemnity for these losses from Freedom Mortgage as the originator of these loans.  Since the defect in the loan documents came to light AFTER we had sold the loan, it is our position that the onus for filing the title insurance claim lies with the aforementioned parties – not Freedom Mortgage - nevertheless, since they apparently failed to do so, we have now taken on this burden.   Please review and advise. Thank you.

Sincerely yours,

Kenneth T. Ulrich



EXHIBIT

tabbies D

# HOLLAND & KNIGHT LLC

One Mid America Plaza
Suite 1000
Oakbrook Terrace, Illinois 60181-4710

630-954-2100
FAX 630-954-2112
www.hklaw.com

**GREGORY R. MEEDER**

630-954-7568
Email: gregory.meeder@hklaw.com

November 14, 2002

**VIA FACSIMILE and REGULAR MAIL**

Kenneth Ulrich
Corporate Counsel
Freedom Mortgage Corporation
1000 Atrium Way
Suite 300
Mt. Laurel, NJ 08054

Re:   2035 West Coulter, Chicago (Ticor Claim #115360);
728 North Hamlin, Chicago (Ticor Claim #115765);
419 North Drake, Chicago (Ticor Claim #115766);
708 North Drake, Chicago (Ticor Claim #115767);
708 North Spaulding, Chicago (Ticor Claim #115768);
735 North Christiana, Chicago (Ticor Claim #116016);
4112 West Potomac, Chicago (Ticor Claim #116017);
7953 South Escanaba, Chicago (Ticor Claim #116847);
536 West 61st Place, Chicago (Ticor Claim #116851); and
735 North Springfield (Ticor Claim #116853).

Dear Ken:

Please be advised that we conducted an investigation regarding your claim to
Ticor Title Insurance Company ("Ticor Title") regarding the above-reference
properties. At this time, Ticor Title must deny your claim. Ticor Title is unable to
concur with Freedom Mortgage's conclusion that Ticor Title's agent, Exeter Title,
acted inappropriately in closing loans related to these properties.

Please note that we investigated your allegations regarding Ms. Hlava's role
at the closings. Mr. Hlava did not act as the escrow officer with respect to the
closings of the above-listed properties. Mr. Hlava's primary role at these closings
was as Seller's attorney. The complaints made in your letters to Claudia Graham
appear to be based upon inaccurate assumptions about Mr. Hlava's role with
respect to the above-referenced properties.

HOLLAND & KNIGHT LLP / Office Locations
Annapolis • Atlanta • Bethesda • Boston • Bradenton • Fort Lauderdale • Jacksonville • Lakeland • Los Angeles • Melbourne • Miami • New York • Northern Vir
Orlando • Portland • Providence • St. Petersburg • San Antonio • San Francisco • Seattle • Tallahassee • Tampa • Washington, D.C. • West Palm Beach

Kenneth Ulrich
November 14, 2002
Page 2

In addition, we conducted investigations regarding the escrow closing officers, Gregory Demos or Melissa Hatulla, of Exeter Title. We have not discovered any conduct on the part of either of these closers that would constitute a breach of Exeter Title's closing letter. Documents and disbursements were handled in accordance with your closing instructions.

In addition, we contacted Burnham Mortgage, Inc. ("BMI") and learned that Mr. Eric Vehovc of BMI handled the intake of the loan applications and appraisals in processing these loans. Mr. Vehovc was terminated by BMI in March of 2002.

In conclusion, our investigations to date indicate that Exeter Title fulfilled its responsibilities under the closing protection letter and Freedom Mortgage's escrow instructions. Mr. Hlava did not act as an escrow agent of Exeter Title at these closings, but rather, as seller's attorney. You may have clams against other persons or entitles which are unrelated to Ticor Title and Exeter Title.

Notwithstanding the denial of coverage at this time, we invite Freedom Mortgage to supplement its original claim with additional information. Upon receipt of additional information, Ticor Title will be pleased to re-evaluate its position.

Very truly yours,

HOLLAND & KNIGHT LLC

Gregory R. Meeder

GRM/lgh

cc:    Claudia Graham

File No. 071341-132

OAK1 #325501 v1

# Uniform Residential Loan Application 017/2209

EXHIBIT

E

tabbies®

This application is designed to be completed by the applicant(s) with the lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ V.A.   ☑ Conventional   ☐ Other: <br> ☐ FHA   ☐ FmHA | Agency Case Number | Lender Case Number |
|---|---|---|---|

| Amount | Interest Rate | No. of Months | Amortization Type: | |
|---|---|---|---|---|
| $ 243,000 | 9.500% | 360/360 | ☑ Fixed Rate   ☐ Other (explain): <br> ☐ GPM   ☐ ARM (type): | |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) | No. of Units |
|---|---|
| 735 N SPRINGFIELD, Chicago, IL 60624  County: COOK | 2 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| SEE TITLE | 1900 |

| Purpose of Loan | ☑ Purchase   ☐ Construction   ☐ Other (explain): <br> ☐ Refinance   ☐ Construction-Permanent | Property will be: ☐ Primary Residence   ☐ Secondary Residence   ☑ Investment |
|---|---|---|

**Complete this line if construction or construction-permanent loan.**

| Year Lot Acquired | Original Cost <br> $ | Amount Existing Liens <br> $ | (a) Present Value of Lot <br> $ | (b) Cost of Improvements <br> $ | Total (a+b) <br> $ |
|---|---|---|---|---|---|

**Complete this line if this is a refinance loan.**

| Year Acquired | Original Cost <br> $ | Amount Existing Liens <br> $ | Purpose of Refinance | Describe Improvements   ☐ made   ☐ to be made <br> Cost $ |
|---|---|---|---|---|

| Title will be held in what Name(s)  ADAM BAT | Manner in which Title will be held <br> Single man | Estate will be held in: <br> ☑ Fee Simple <br> ☐ Leasehold (show expiration date) |
|---|---|---|

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) <br> **Checking/Savings** |
|---|

## III. BORROWER INFORMATION

| Borrower | Co-Borrower |
|---|---|

| Borrower's Name (include Jr. or Sr. if applicable) <br> **ADAM BAT** | Co-Borrower's Name (include Jr. or Sr. if applicable) |
|---|---|

| Social Security Number <br> 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 | Home Phone (incl. area code) <br> 773-544-6784 | Age <br> 35 | Yrs. School <br> 12 | Social Security Number | Home Phone (incl. area code) | Age | Yrs. School |
|---|---|---|---|---|---|---|---|

| ☐ Married   ☑ Unmarried (include single, divorced, widowed)   ☐ Separated | Dependents (not listed by Co-Borrower) <br> no.   ages | ☐ Married   ☐ Unmarried (include single, divorced, widowed)   ☐ Separated | Dependents (not listed by Borrower) <br> no.   ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP) ☑ Own ☐ Rent  2  No. Yrs. <br> **1749 N MOZART** <br> **Chicago, IL 60647** | Present Address (street, city, state, ZIP) ☐ Own ☐ Rent  No. Yrs. |
|---|---|

**If residing at present address for less than two years, complete the following:**

| Former Address (street, city, state, ZIP) ☐ Own ☑ Rent  No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent  No. Yrs. |
|---|---|

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent  No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent  No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| Borrower | Co-Borrower |
|---|---|

| Name and Address of Employer   ☐ Self Employed <br> **LD INC** <br> **4616 MAPLE AVE** <br> **CHICAGO, IL  60513** | Yrs. on this job <br> 5 <br> Yrs. employed in this line of work/profession <br> 5 | Name and Address of Employer   ☐ Self Employed | Yrs. on this job <br><br> Yrs. employed in this line of work/profession |
|---|---|---|---|

| Position/Title/Type of Business <br> **MANAGER** | Business Phone (incl. area code) <br> 708-485-4562 | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

**If employed in current position for less than two years or if currently employed in more than one position, complete the following:**

| Name and Address of Employer   ☐ Self Employed | Dates(from-to) <br><br> Monthly Income <br> $ | Name and Address of Employer   ☐ Self Employed | Dates(from-to) <br><br> Monthly Income <br> $ |
|---|---|---|---|
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name and Address of Employer   ☐ Self Employed | Dates(from-to) <br><br> Monthly Income <br> $ | Name and Address of Employer   ☐ Self Employed | Dates(from-to) <br><br> Monthly Income <br> $ |
|---|---|---|---|
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ | $ | $ | Rent | $ | $ |
| Overtime | | | | First Mortgage (P&I) | | 2,043.28 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | 83.00 |
| Dividends/Interest | | | | Real Estate Taxes | 114.75 | 115.00 |
| Net Rental Income | | | | Mortgage Insurance | 228.83/100.00 | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other | | |
| Total | $ | $ | $ | Total | $ | 2,241.28 |

*Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

**Describe Other Income**  Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower(B) or Co-Borrower(C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed ☑ Jointly ☐ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | Monthly Payt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: Adam Butor | 27,000 | **LIABILITIES** Name and address of Company | $ Payt./Mos. | $ |
| List checking and savings accounts below Name and address of Bank, S&L, or Credit Union **LASALLE BANK** | | AURORA LOAN 1328 N CAMPBELL RENTAL   1328 N. CAMPBELL | | 52826 |
| Acct. no. 0000922919 | $ 219,770.99 40,000 | Acct. no. 364 0017223302 | (4,449) | 528,000 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company GREENPOINT MTG 1522 N TALMAN RENTAL   1522 N. TALMAN | $ Payt./Mos. | 498337 |
| Acct. no. | $ | Acct. no. 4800102888435 | (4,527) | 498,000 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company 5/3 BANK 1749 N MOZART PRIMARY 2ND LOC (PREVIOUSLY OLD KENT)   5/3 Bank 1749 N. MOZART | $ Payt./Mos. | 151,000 |
| Acct. no. | $ | Acct. no. | (501) | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company FIRST SECURITY 1749 N MOZART PRIMARY 1ST   1749 N. MOZART | $ Payt./Mos. | 126,778 |
| Acct. no. | $ | Acct. no. 9700180073184 | (1,191) | |
| Stocks & Bonds (Company name/ number & description) | $ $ | Name and address of Company Old Kent BK | $ Payt./Mos. | A168 |
| | | Acct. no. 600142962 | | |
| Life insurance net cash value Face amount: $ | $ | Name and address of Company 5/3 BK | $ Payt./Mos. | 13781 |
| Subtotal Liquid Assets | $ (40,000) | | 483 | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 1,500,000 | Acct. no. 841548126 | | |
| Vested interest in retirement fund | $ | Name and address of Company FNB Omaha | $ Payt./Mos. | 5495 |
| Net worth of business(es) owned (attach financial statement) | $ | | 107 | |
| Automobiles owned (make and year) | $ | Acct. no. 3763 7512 865117 | | |
| Other Assets (itemize) | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| | | Job Related Expense (child care, union dues, etc.) | $ 11605 | |
| **Total Assets a.** | $ 1,540,000 | **Net Worth (a-b)** $ 236,222 | Total Monthly Payments $ 13387 | **Total Liabilities b.** $ 1,303,778 |

## VI. ASSETS AND LIABILITIES (cont)

**Schedule of Real Estate Owned** (if additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 1749 N MOZART CHICAGO, IL | 2-4PLX | PRIMARY 3 UNIT $ 350,000 | $ 277,778 | $ 2,000 | $ 1,692 | INC | $ |
| 1328 N CAMPBELL CHICAGO, IL | 2-4PLX | RENTAL 4 UNIT 600,000 | 528,000 | 6,000 | 4,449 | INC | |
| 1522 N TALMAN CHICAGO, IL | COM-R | RENTAL 5 UNIT 550,000 | 498,000 | 6,000 | 4,527 | INC | |
| | Totals | $ 1,500,000 | $ 1,303,778 | $ 14,000 | $ 10,668 | | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | | |
|---|---|---|
| a. Purchase price | $ | 270,000.00 |
| b. Alterations, improvements, repairs | | |
| c. Land (if acquired separately) | | |
| d. Refinance (incl. debts to be paid off) | | |
| e. Estimated prepaid items | | 2,455.88 |
| f. Estimated closing costs | | 8,314.00 |
| g. PMI, MIP, Funding Fee | | |
| h. Discount (if Borrower will pay) | | |
| i. Total costs (add items a through h) | | 280,769.88 |
| j. Subordinate financing | | |
| k. Borrower's closing costs paid by Seller | | |
| l. Other Credits (explain) ERNEST MONEY 10% | | 27,000.00 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | | 243,000.00 |
| n. PMI, MIP, Funding Fee financed | | |
| o. Loan amount (add m & n) | | 243,000.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | | 10,769.88 |

## VIII. DECLARATIONS

If you answer "yes" to any questions a through I, please use continuation sheet for explanation.

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| a. Are there any outstanding judgments against you? | ☐ | ☑ | ☐ | ☐ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ | ☑ | ☐ | ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☑ | ☐ | ☐ |
| d. Are you a party to a lawsuit? | ☐ | ☑ | ☐ | ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | ☐ | ☑ | ☐ | ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ | ☑ | ☐ | ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ | ☑ | ☐ | ☐ |
| h. Is any part of the down payment borrowed? | ☐ | ☑ | ☐ | ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ | ☑ | ☐ | ☐ |
| j. Are you a U. S. citizen? | ☑ | ☐ | ☐ | ☐ |
| k. Are you a permanent resident alien? | ☐ | ☑ | ☐ | ☐ |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☐ | ☑ | ☐ | ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☑ | ☐ | ☐ | ☐ |
| (1) What type of property did you own-principal residence (PR), second home (SH), or investment property (IP)? | | | IP | |
| (2) How did you hold title to the home-solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | | S | |

## IX. ACKNOWLEDGMENT AND AGREEMENT

The undersigned specifically acknowledge(s) and agree(s) that: (1) the loan requested by this application will be secured by a first mortgage or deed of trust on the property described herein; (2) the property will not be used for any illegal or prohibited purpose or use; (3) all statements made in this application are made for the purpose of obtaining the loan indicated herein; (4) occupation of the property will be as indicated above; (5) verification or reverification of any information contained in the application may be made at any time by the Lender, its agents, successors and assigns, either directly or through a credit reporting agency, from any source named in this application, and the original copy of this application will be retained by the Lender, even if the loan is not approved; (6) the Lender, its agents, successors and assigns will rely on the information contained in the application and I/we have a continuing obligation to amend and/or supplement the information provided in this application if any of the material facts which I/we have represented herein should change prior to closing; (7) in the event my/our payments on the loan indicated in this application become delinquent, the Lender, its agents, successors and assigns may, in addition to all their other rights and remedies, report my/our name(s) and account information to a credit reporting agency; (8) ownership of the loan may be transferred to successor or assign of the Lender without notice to me and/or the administration of the loan account may be transferred to an agent, successor or assign of the Lender with prior notice to me; (9) the Lender, its agents, successors and assigns make no representations or warranties, express or implied, to the Borrower(s) regarding the property, the condition of the property, or the value of the property. Certification: I/We certify that the information provided in this application is true and correct as of the date set forth opposite my/our signature(s) on this application and acknowledge my/our understanding that any intentional or negligent misrepresentation(s) of the information contained in this application may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq. and liability for monetary damages to the Lender, its agents, successors and assigns, insurers and any other person who may suffer any loss due to reliance upon any misrepresentation which I/we have made in this application.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | 9/03/2001 | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling, in order to monitor the Lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may neither discriminate on the basis of this information, nor on whether you choose to furnish it. However, if you choose not to furnish it, under Federal regulations this Lender is required to note race and sex on the basis of visual observation or surname. If you do not wish to furnish the above information, please check the box below. (Lender must review the above material to assure that the disclosure satisfy all requirements to which the Lender is subject under applicable state law for the particular type of loan applied for.)

**BORROWER**
☐ I do not wish to furnish this information

Race/National Origin:
☐ American Indian or Alaskan Native ☐ Asian or Pacific Islander
☐ Black,not of Hispanic origin ☐ White,not of Hispanic origin
☐ Hispanic ☐ Other (specify) _____

Sex: ☐ Female ☑ Male

**CO-BORROWER**
☐ I do not wish to furnish this information

Race/National Origin:
☐ American Indian or Alaskan Native ☐ Asian or Pacific Islander
☐ Black,not of Hispanic origin ☐ White,not of Hispanic origin
☐ Hispanic ☐ Other (specify) _____

Sex: ☐ Female ☐ Male

| To be Completed by Interviewer | Interviewer's Name (print or type) | Name and Address Interviewer's Employer |
|---|---|---|
| This application was taken by: | ERIC C. VEHOVC | BURNHAM MORTGAGE INC. |
| ☐ face-to-face interview | Interviewer's Signature Date | 100 N LASALLE #1712 |
| ☐ by mail | | CHCIAGO , IL 60602 |
| ☑ by telephone | Interviewer's Phone Number (incl. area code) 312-422-0618 | (P) 312-422-0618 (F) 312-422-0720 |

| EXHIBIT |
|---|
| F |

# EXETER TITLE
## COMPANY

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

| A. SETTLEMENT STATEMENT | |
|---|---|
| B. TYPE OF LOAN | 1. ☐ FHA   2. ☐ FMHA   3. ☐ CONV. UNINS. <br> 4. ☐ VA   5. ☒ CONV. INS.   ☐ OTHER |
| 6. File Number    01080034 | 7. Loan Number    1712262 |
| 8. Mortgage Ins. Case No. | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown.
NOTE: Items marked "(P.O.C.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| | |
|---|---|
| D. NAME AND ADDRESS OF BORROWER: | Adam Bat <br><br> 1749 N. Mozart <br> Chicago, IL 60647 |
| E. NAME, ADDRESS AND TIN OF SELLER: | Adam Butar (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) <br><br> 4321 W. Waveland <br> Chicago, IL 60641 |
| F. NAME AND ADDRESS OF LENDER: | Freedom Mortgage Corporation <br> 1000 Atrium Way, Ste. 300 <br> Mt. Laurel, NJ 08054 |
| G. PROPERTY LOCATION: | 735 North Springfield <br> Chicago, IL 60624 |
| H. SETTLEMENT AGENT: | Exeter Title Company (36-4070586)   (312)641-1244 <br> 221 North LaSalle Street, Chicago, IL 60601 |
| PLACE OF SETTLEMENT: | 221 North LaSalle Street, Chicago, IL 60601 |
| I. SETTLEMENT DATE    10/22/01 | |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 270,000.00 | 401. Contract sales price | 270,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 6,382.83 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes   to | | 406. City/town taxes   to | |
| 107. County taxes   to | | 407. County taxes   to | |
| 108. Assessments   to | | 408. Assessments   to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 276,382.83 | 420. GROSS AMOUNT DUE TO SELLER | 270,000.00 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | 27,000.00 | 501. Excess deposit (see instructions) | 27,000.00 |
| 202. Principal amount of new loan   Freedom Mortg. | 243,000.00 | 502. Settlement charges to seller (line 1400) | 5,085.9 |
| 203. Existing loan taken subject to | | 503. Existing loan taken subject to | |
| 204. | | 504. Payoff first mortgage | |
| 205. | | 505. Payoff second mortgage | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes   to | |
| 211. County taxes   01/01/01   to   10/22/01 | 1,413.30 | 511. County taxes   01/01/01   to   10/22/01 | 1,413.3 |
| 212. Assessments   to | | 512. Assessments   to | |
| 213. Rent Proration (2   10/22/01   to   11/01/01 | 851.61 | 513. Rent Proration (2   10/22/01   to   11/01/01 | 851.6 |
| 214. Transfer Security Deposits | 3,600.00 | 514. Transfer Security Deposits | 3,600.0 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 275,864.91 | 520. TOTAL REDUCTION AMOUNT DUE SELLE | 37,950.8 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER** | | **600. CASH AT SETTLEMENT TO/FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 276,382.83 | 601. Gross amount due to seller (line 420) | 270,000.0 |
| 302. Less amounts paid by/for borrower (line 220) | 275,864.91 | 602. Less reductions in amount due seller (line 520) | 37,950.8 |
| 303. CASH (X FROM) ( TO) BORROWER | 517.92 | 603.   CASH ( FROM) (X TO) SELLER | 232,049. |

Tax Year 2001             Substitute Form 1099S Seller Statement

You are required by law to provide Exeter Title Company with your correct taxpayer identification number. If you do not provide Exeter Title Company with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. (Seller's name(s), address and tax identification number(s) is shown in item E above and should be checked for accuracy.) Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

The information contained in Blocks E,G,H,I, and line 401 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

HUD-1 (3/86) RESPA, HR 4305.2     Form Approved OMB 2502-0265

| | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION** | BASED ON PRICE $ 270,000.00 @ %= | | | |
| | Division of Commission (line 700) as follows: | | | |
| 701. | to | | | |
| 702. | to | | | |
| 703. | Commission paid at Settlement | | | |
| 704. | | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | (P.O.C.) | | |
| 801. Loan Origination Fee | % | Burnham Mortgage | 2,430.00 | |
| 802. Loan Discount | % | | | |
| 803. Appraisal Fee to | | | | |
| 804. Credit Report to | | | | |
| 805. Lender's Inspection Fee to | | | | |
| 806. Mortgage Insurance Application Fee to | | | | |
| 807. Assumption Fee to | | | | |
| 808. Flood Cert.Fee | | CPS | 14.00 | |
| 809. Tax Service Fee | | Freedom Mortgage Corporation | 101.00 | |
| 810. Courier Fee | | FedEx | 55.00 | |
| 811. Processing Fee | | Burnham Mortgage | 350.00 | |
| 812. Underwriting Fee | | Freedom Mortgage Corporation | 250.00 | |
| 813. | | | | |
| 814. Sub Total (line 818) | | | 3.50 | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | |
| 901. Interest from | to @ $ /day ( days) | | | |
| 902. Mortgage Insurance Premium for | 12 months to G.E. Capital Mortgage | | 228.83 | |
| 903. Hazard Insurance Premium for | 1 year to AA&A Insurance | | 1,190.00 | |
| 904. | | | | |
| 905. | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | | |
| 1001. Hazard Insurance | 5 months @ $ 99.17 | per month | 495.85 | |
| 1002. Mortgage Insurance | months @ $ 228.83 | per month | | |
| 1003. City property taxes | months @ $ | per month | | |
| 1004. County property taxes | 5 months @ $ 114.33 | per month | 571.65 | |
| 1005. Annual assessments | months @ $ | per month | | |
| 1006. | | | | |
| 1007. | | | | |
| 1008. | | | | |
| **1100. TITLE CHARGES** | | | | |
| 1101. Settlement or closing fee to | Exeter Title Company | | 200.00 | |
| 1102. Abstract or title search to | | | | |
| 1103. Title examination to | Exeter Title Company | | | 250.00 |
| 1104. Title insurance binder to | | | | |
| 1105. Document preparation to | Freedom Mortgage Corporation | | 74.00 | |
| 1106. Notary fee to | | | | |
| 1107. Attorney's fee to | Jeffrey Hlava | | | 300.00 |
| (includes above items numbers: | ) | | | |
| 1108. Title insurance to | Exeter Title Company | | 200.00 | 675.00 |
| (includes above items numbers: | ) | | | |
| 1109. Lender's coverage | $ 243,000.00 | $ 200.00 | | |
| 1110. Owner's coverage | $ 270,000.00 | $ 675.00 | | |
| 1111. Date Down | Exeter Title Company | | 35.00 | |
| 1112. EPA/Location Endorsements | Exeter Title Company | | 95.00 | |
| 1113. Courier Fee | Exeter Title Company | | 20.00 | 20.00 |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | |
| 1201. Recording: | Deed $ 29.50 | Mortgage $ 39.50 | Release $ | 69.00 | |
| 1202. City/county tax/stamps: | Deed $ | Mortgage $ 2,025.00 | | 2,025.00 |
| 1203. State tax/stamps: | Deed $ 270.00 | Mortgage $ 135.00 | | 405.00 |
| 1204. | | | | |
| 1205. | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | |
| 1301. 2nd installment 2000 taxes | | Cook County Collector | | 901.3 |
| 1302. Water Full Payment Service | | Exeter Title Company | | 509.5 |
| 1303. | | | | |
| 1304. | | | | |
| 1305. | | | | |
| 1306. | | | | |
| 1307. | | | | |
| 1308. | | | | |
| **1400. TOTAL SETTLEMENT CHARGES** | (enter on lines 103, Section J and 502, Section K) | | 6,382.83 | 5,085.9 |

I have carefully reviewed the HUD-1 Settlement Statement and, to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of HUD-1 Settlement Statement.

_____     _____   Power of Atty
Adam Bat...            Adam Butar     under power of atty
                                                   10-11-01

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

_____
Exeter Title Company

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment.
For details see: Title 18 U.S. Code Sections 1001 and Section 1010.

| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | |
|---|---|---|---|
| 815. Yield Spread Premium | Burnham Mortgage | (2,430.00L) | |
| 816. MERS Registration | Freedom Mortgage Corporation | 3.50 | |
| 817. | | | |
| 818. TOTAL (entered on line 814 Section L) | | 3.50 | |

X _____

X _____

# Uniform Residential Loan Application

| EXHIBIT |
| G |

This application is designed to be completed by the applicant(s) with the lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ V.A. ☐ FHA | ☑ Conventional ☐ FmHA | ☐ Other: | Agency Case Number | Lender Case Number |
|---|---|---|---|---|---|

| Amount | Interest Rate | No. of Months | Amortization Type: | ☑ Fixed Rate ☐ GPM | ☐ Other (explain): ☐ ARM (type): |
|---|---|---|---|---|---|
| $ 243,000 | 9.500 % | 360/360 | | | |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) | No. of Units |
|---|---|
| 708 N DRAKE, Chicago, IL 60624   County: COOK | 2 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| SEE TITLE | 1900 |

| Purpose of Loan | ☑ Purchase ☐ Construction ☐ Refinance ☐ Construction-Permanent | ☐ Other (explain): | Property will be: ☐ Primary Residence  ☐ Secondary Residence  ☑ Investment |
|---|---|---|---|

**Complete this line if construction or construction-permanent loan.**

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

**Complete this line if this is a refinance loan.**

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made |
|---|---|---|---|---|
| | $ | $ | | Cost $ |

| Title will be held in what Name(s)   ADAM BAT | Manner in which Title will be held | Estate will be held in |
|---|---|---|
| | Single man | ☑ Fee Simple |

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) | ☐ Leasehold (show expiration date) |
|---|---|
| Checking/Savings | |

## III. BORROWER INFORMATION

| Borrower | Co-Borrower |
|---|---|

| Borrower's Name (include Jr. or Sr. if applicable) | Co-Borrower's Name (include Jr. or Sr. if applicable) |
|---|---|
| ADAM BAT | |

| Social Security Number | Home Phone (incl. area code) | Age | Yrs. School | Social Security Number | Home Phone (incl. area code) | Age | Yrs. Scho |
|---|---|---|---|---|---|---|---|
| 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 | 773-544-6784 | 35 | 12 | | | | |

| ☐ Married ☑ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Co-Borrower) no.   ages | ☐ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Borrower) no.   ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP) ☑ Own ☐ Rent   2 No. Yrs. | Present Address (street, city, state, ZIP) ☐ Own ☐ Rent   No. Y |
|---|---|
| 1749 N MOZART | |
| Chicago, IL 60647 | |

**If residing at present address for less than two years, complete the following:**

| Former Address (street, city, state, ZIP) ☐ Own ☑ Rent   No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent   No. Y |
|---|---|

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent   No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent   No. Y |
|---|---|

## IV. EMPLOYMENT INFORMATION

| Borrower | Co-Borrower |
|---|---|

| Name and Address of Employer | ☐ Self Employed | Yrs. on this job | Name and Address of Employer | ☐ Self Employed | Yrs. on this |
|---|---|---|---|---|---|
| LD INC 4616 MAPLE AVE CHICAGO, IL 60513 | | 5  Yrs. employed in this line of work/profession 5 | | | Yrs. employed in this line of work/professio |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area co |
|---|---|---|---|
| MANAGER | 708-485-4562 | | |

**If employed in current position for less than two years or if currently employed in more than one position, complete the following:**

| Name and Address of Employer | ☐ Self Employed | Dates(from-to) | Name and Address of Employer | ☐ Self Employed | Dates(from-to |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Incon $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area co |
|---|---|---|---|

| Name and Address of Employer | ☐ Self Employed | Dates(from-to) | Name and Address of Employer | ☐ Self Employed | Dates(from-to |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Incon $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area co |
|---|---|---|---|

Freddie Mac Form 65   10/92
CALYX Form 1003 Loanapp1.hp 2/95
Page 1 of 4
Borrower _____
Co-Borrower _____
Fannie Mae Form 1003   1

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ | $ | $ | Rent | | |
| Overtime | | | | First Mortgage (P&I) | 1,692.00 | 2,043.28 |
| Bonuses | | | | Other Financing (P&I) | | 83.5 |
| Commissions | | | | Hazard Insurance | 79.25 83.00 | |
| Dividends/Interest | | | | Real Estate Taxes | 79.25 115.00 | |
| Net Rental Income | | | | Mortgage Insurance | | 226.80 |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other | | |
| Total | | | | Total | $ 1,692.00 | $ 2,241.28 |

*Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

2432

**Describe Other Income** Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower(B) or Co-Borrower(C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed [✓] Jointly ☐ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | Monthly Payt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: Adam Butow | $ 27,000 | LIABILITIES | $ Payt./Mos. | |
| List checking and savings accounts below | | Name and address of Company AURORA LOAN 1328 N CAMPBELL RENTAL | | |
| Name and address of Bank, S&L, or Credit Union LASALLE BANK | | | ✓ | 52826 |
| | $ 219770 | Acct. no. 3640011223302 | (4,449) | 528,000 |
| Acct. no. 0000922919 | $ 40,000 | Name and address of Company GREENPOINT MTG 1522 N TALMAN RENTAL | $ Payt./Mos. | |
| Name and address of Bank, S&L, or Credit Union | | | | 49833 |
| | | Acct. no. 4800102888435 | (4,527) | 498,000 |
| Acct. no. | $ | Name and address of Company 5/3 BANK 5th Third Bank 1749 N MOZART PRIMARY 2ND LOC (PREVIOUSLY OLD KENT) | $ Payt./Mos. | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | (501) | 151,000 |
| Acct. no. | $ | Name and address of Company FIRST SECURITY 1749 N MOZART PRIMARY 1ST | $ Payt./Mos. | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 9700180073184 | (1,191) | 126,778 |
| Acct. no. | $ | Name and address of Company Old Kent BK + TR C | $ Payt./Mos. | |
| Stocks & Bonds (Company name/ number & description) | $ | | | 268 |
| | | Acct. no. 10142167 | | |
| Life insurance net cash value Face amount: $ | | Name and address of Company 5th 3RD Bank | $ Payt./Mos. | |
| Subtotal Liquid Assets | $ 40,000 | | 483 | 1378 |
| Real estate owned (enter market value from schedule of real estate owned) | $ 1,500,000 | Acct. no. 841548126 | | |
| Vested interest in retirement fund | $ | Name and address of Company FNB Omaha | $ Payt./Mos. | |
| Net worth of business(es) owned (attach financial statement) | $ | | 109 | 5499 |
| Automobiles owned (make and year) | $ | | | |
| | | Acct. no. 3763175128647 | | |
| Other Assets (itemize) | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| | | Job Related Expense (child care, union dues, etc.) | $ | |
| **Total Assets a.** | $ 1,540,000 | Net Worth (a-b) | $ 236,222 | Total Liabilities b. | $ 1,303,778 |

Page 2 of 4     Borrower

## VI. ASSETS AND LIABILITIES (cont.)

**Schedule of Real Estate Owned** (if additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 1749 N MOZART CHICAGO, IL *Prim* | PRIMARY 3 UNIT 2-4PLX | $ 350,000 | $ 277,778 | $ 2,000 | $ (1,692) | INC | $ |
| 1328 N CAMPBELL CHICAGO, IL | RENTAL 4 UNIT 2-4PLX | 600,000 | 528,000 | 6,000 | 4,449 | INC | |
| 1522 N TALMAN CHICAGO, IL | RENTAL 5 UNIT COM-R | 550,000 | 498,000 | 6,000 | 4,527 | INC | |
| Totals | | $ 1,500,000 | $ 1,303,778 | $ 14,000 | $ 10,668 | $ | |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ 270,000.00 |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | |
| e. Estimated prepaid items | 2,455.88 |
| f. Estimated closing costs | 8,314.00 |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | 280,769.88 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits(explain) ERNEST MONEY 10% | 27,000.00 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 243,000.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 243,000.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | 10,769.88 |

## VIII. DECLARATIONS

If you answer "yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower Yes No | Co-Borrower Yes No |
|---|---|---|
| a. Are there any outstanding judgments against you? | ☐ ☑ | ☐ ☐ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ ☑ | ☐ ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ ☑ | ☐ ☐ |
| d. Are you a party to a lawsuit? | ☐ ☑ | ☐ ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | ☐ ☑ | ☐ ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation bond, or loan guarantee? | ☐ ☑ | ☐ ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ ☑ | ☐ ☐ |
| h. Is any part of the down payment borrowed? | ☐ ☑ | ☐ ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ ☑ | ☐ ☐ |
| j. Are you a U. S. citizen? | ☑ ☐ | ☐ ☐ |
| k. Are you a permanent resident alien? | ☐ ☑ | ☐ ☐ |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☑ ☐ | ☐ ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☑ ☐ IP | ☐ ☐ |
| (1) What type of property did you own-principal residence (PR), second home (SH), or investment property (IP)? | S | |
| (2) How did you hold title to the home-solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

The undersigned specifically acknowledge(s) and agree(s) that: (1) the loan requested by this application will be secured by a first mortgage or deed of trust on the property described herein; (2) the property will not be used for any illegal or prohibited purpose or use; (3) all statements made in this application are made for the purpose of obtaining the loan indicated herein; (4) occupation of the property will be as indicated above; (5) verification or reverification of any information contained in the application may be made at any time by the Lender, its agents, successors and assigns, either directly or through a credit reporting agency, from any source named in this application, and the original copy of this application will be retained by the Lender, even if the loan is not approved; (6) the Lender, its agents, successors and assigns will rely on the information contained in the application and I/we have a continuing obligation to amend and supplement the information provided in this application if any of the material facts which I/we have represented herein should change prior to closing; (7) in the event my/our payments on the loan indicated in this application become delinquent, the Lender, its agents, successors and assigns, may, in addition to all their other rights and remedies, report my/our name(s) and account information to a credit reporting agency; (8) ownership of the loan may be transferred to successor or assign of the Lender without notice to me and/or the administration of the loan account may be transferred to an agent, successor or assign of the Lender with prior notice to me; (9) the Lender, its agents, successors and assigns make no representations or warranties, express or implied, to the Borrower(s) regarding the property, the condition of the property, or the value of the property.

Certification: I/We certify that the information provided in this application is true and correct as of the date set forth opposite my/our signature(s) on this application and acknowledge my/our understanding that any intentional or negligent misrepresentation(s) of this information contained in this application may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq. and liability for monetary damages to the Lender, its agents, successors and assigns and any other person who may suffer any loss due to reliance upon any misrepresentation which I/we have made on this application.

| Borrower's Signature | Date 9/5/0 | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling, in order to monitor the Lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may neither discriminate on the basis of this information, nor on whether you choose to furnish it. However, if you choose not to furnish it, under Federal regulations this Lender is required to note race and sex on the basis of visual observation or surname. If you do not wish to furnish the above information, please check the box below. (Lender must review the above material to assure that the disclosure satisfy all requirements to which the Lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | CO-BORROWER |
|---|---|
| ☐ I do not wish to furnish this information | ☐ I do not wish to furnish this information |
| Race/National Origin: ☐ American Indian or Alaskan Native ☐ Asian or Pacific Islander ☐ Black,not of Hispanic origin ☐ White,not of Hispanic origin ☐ Hispanic ☐ Other (specify) | Race/National Origin: ☐ American Indian or Alaskan Native ☐ Asian or Pacific Islander ☐ Black,not of Hispanic origin ☐ White,not of Hispanic origin ☐ Hispanic ☐ Other (specify) |
| Sex: ☐ Female ☑ Male | Sex: ☐ Female ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) ERIC C. VEHOVC | Name and Address Interviewer's Employer BURNHAM MORTGAGE INC. |
|---|---|---|
| This application was taken by: ☐ face-to-face interview ☐ by mail ☑ by telephone | Interviewer's Signature _____ Date 9/5/0 | 100 N LASALLE #1712 CHICAGO, IL 60602 (P) 312-422-0618 (F) 312-422-0720 |
| | Interviewer's Phone Number (incl. area code) 312-422-0618 | |

EXHIBIT

H

HUD-1 (3/86) RESPA 4305.2                                                   Form Approved OMB 2502-0265

| | |
|---|---|
| A. SETTLEMENT STATEMENT | B. TYPE OF LOAN |

**EXETER TITLE**
C O M P A N Y

| 1. ☐ FHA | 2. ☐ FMHA | 3. ☐ CONV. UNINS. |
|---|---|---|
| 4. ☐ VA | 5. _X_ CONV. INS. | ☐ OTHER |

| 6. File Number | 7. Loan Number |
|---|---|
| 01080031 | 1712247 |

8. Mortgage Ins. Case No.

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown.
NOTE: Items marked "(P.O.C.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. NAME AND ADDRESS OF BORROWER: | Adam Bist |
|---|---|
| | 1749 N. Mozart |
| | Chicago, IL 60647 |
| E. NAME, ADDRESS AND TIN OF SELLER: | Adam Butar (58)-89-4421) |
| | 4321 W. Waveland |
| | Chicago, IL 60641 |
| F. NAME AND ADDRESS OF LENDER: | Freedom Mortgage Corporation |
| | 1000 Atrium Way, Ste. 300 |
| | Mt. Laurel, NJ 08054 |
| G. PROPERTY LOCATION: | 708 North Drake |
| | Chicago, IL 60606 |
| H. SETTLEMENT AGENT: | Exeter Title Company (36-4070586) (312)641-1244 |
| | 221 North LaSalle Street, Chicago, IL 60601 |
| PLACE OF SETTLEMENT: | 221 North LaSalle Street, Chicago, IL 60601 |
| I. SETTLEMENT DATE: | 10/22/01 |

*Could not check all title charges due to no closing statement in file.*

*LC
10/25/01*

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 270,000.00 | 401. Contract sales price | 270,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 7,030.29 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes to | | 406. City/town taxes to | |
| 107. County taxes to | | 407. County taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 277,030.29 | **420. GROSS AMOUNT DUE TO SELLER** | 270,000.00 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit or earnest money | 27,000.00 | 501. Excess deposit (see instructions) | 27,000.00 |
| 202. Principal amount of new loan   Freedom Mortg | 243,000.00 | 502. Settlement charges to seller (line 1400) | 5,118.53 |
| 203. Existing loan taken subject to | | 503. Existing loan taken subject to | |
| 204. | | 504. Payoff first mortgage | |
| 205. | | 505. Payoff second mortgage | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes 01/01/01 to 10/22/01 | 1,413.44 | 511. County taxes 01/01/01 to 10/22/01 | 1,413.44 |
| 212. Assessments to | | 512. Assessments to | |
| 213. Rent Proration (2 10/22/01 to 11/01/01 | 851.61 | 513. Rent Proration (2 10/22/01 to 11/01/01 | 851.61 |
| 214. Transfer Security Deposits | 3,600.00 | 514. Transfer Security Deposits | 3,600.00 |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 275,865.05 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 37,983.58 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER** | | **600. CASH AT SETTLEMENT TO/FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 277,030.29 | 601. Gross amount due to seller (line 520) | 270,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 275,865.05 | 602. Less reductions in amount due seller (line 520) | 37,983.58 |
| 303. CASH ( X FROM) ( TO) BORROWER | 1,165.24 | 603. CASH ( FROM) ( X TO) SELLER | 232,016.42 |

Tax Year 2001    Substitute Form 1099 Seller Statement

You are required by law to provide Exeter Title Company with your correct taxpayer identification number. If you do not provide Exeter Title Company with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. (Seller's remedy) above at tax identification number(s) is shown in item 8 above and should be checked for accuracy. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

The information contained in Blocks E, G, H, I, and lines 401 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

HUD-1 (3/86) RESPA,   3.3                                                                Form Approval OMB 2502-0265

Page 2 of 3

## L.                                    SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION** | | | |
| BASED ON PRICE $   270,000.00              @        % | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. $ | 10 | | |
| 702. $ | 10 | | |
| 703. Commission paid at Settlement | | | |
| 704. | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee        %          Burnham Mortgage | | 2,430.00 | ✓ |
| 802. Loan Discount               % | | | |
| 803. Appraisal Fee to | | | |
| 804. Credit Report to | | | |
| 805. Lender's Inspection Fee to | | | |
| 806. Mortgage Insurance Application Fee to | | | |
| 807. Assumption Fee to | | 14.00 | ✓ |
| 808. Flood Cert. Fee                        CPS | | 101.00 | ✓ |
| 809. Tax Service Fee                        Freedom Mortgage Corporation | | 85.00 | ✓ |
| 810. Courier Fee                            UPS | | 350.00 | ✓ |
| 811. Processing Fee                         Burnham Mortgage | | 250.00 | ✓ |
| 812. Underwriting Fee                       Freedom Mortgage Corporation | | | |
| 813. | | 3.50 | ✓ |
| 814. Sub Total (line 818) | | 641.30 | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest from   10/22/01   to   11/01/01   @   64.13   /day (   10   days) | | 226.80 | |
| 902. Mortgage Insurance Premium for          1   months to Freedom Mortgage Co | | 1,190.00 | ✓ |
| 903. Hazard Insurance Premium for            1   year to   AAEA Insurance Age | | | |
| 904. | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | 297.51 | |
| 1001. Hazard Insurance           3   months @ $   99.17       per month | | | |
| 1002. Mortgage Insurance         months @ $       per month | | | |
| 1003. City property taxes        months @ $       per month | | 432.80 | |
| 1004. County property taxes      4   months @ $   108.20      per month | | | |
| 1005. Annual assessments         months @ 3       per month | | | |
| 1006. | | | |
| 1007. | | | |
| 1008. Aggregate Adjustment | | 345.38 | |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or closing fee to          Exeter Title Company | | 200.00 | ✓ |
| 1102. Abstract or title search to | | | 250.00 |
| 1103. Title examination to                  Exeter Title Company | | | |
| 1104. Title insurance binder to             Freedom Mortgage Corporation | | 74.00 | ✓ |
| 1105. Document preparation to | | | |
| 1106. Notary fee to | | | 300.00 |
| 1107. Attorney's fee to                     Jeffrey Hlava | | 200.00 | 675.00 |
| (includes above items numbers:                                ) | | | |
| 1108. Title Insurance to                    Exeter Title Company | | | |
| (includes above items numbers:                               ) | | | |
| 1109. Lender's coverage     $   243,000.00        $   200.00 | | | |
| 1110. Owner's coverage      $   270,000.00        $   675.00 | | | |
| 1111. Date Down                             Exeter Title Company | | 35.00 | |
| 1112. EPA/Location Endorsements             Exeter Title Company | | 95.00 | |
| 1113. Courier Fee                           Exeter Title Company | | 20.00 | 20.00 |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | 69.00 | |
| 1201. Recording:   Deed $ 29.50   Mortgage $ 39.50   Release $ | | | 2,025.00 |
| 1202. City/county tax/stamps    Deed $       Mortgage $ 2,025.00 | | | 405.00 |
| 1203. State tax/stamps          Deed $ 270.00       Mortgage $ 135.00 | | | |
| 1204. | | | |
| 1205. | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. 2nd Installment 2000 taxes            Cook County Collector | | | 340.63 |
| 1302. Water Full Payment Service            Exeter Title Company | | | 502.90 |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |
| 1308. | | | |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | | 7,030.79 | 5,118.53 |

I have carefully reviewed the HUD-1 Settlement Statement and, to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of HUD-1 Settlement Statement.

_____                          _____
Adam Bat                                           Adam Butar

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of this funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

Exeter Title Company
WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment.
For details see: Title 18 U.S. Code Section 1001 and Section 1010.

| HUD-1 (3/86) RESPA, HB 4305.2 | | Page 3 of 3 | | | Form Approved OMB 2502-0265 |
|---|---|---|---|---|---|
| File No. 01080231 | | Loan No. 1712247 | | | |
| **ADDITIONAL ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | | | |
| 815. Yield Spread Premium | | Burnham Mortgage | (2,430.00L) | | |
| 816. MERS Registration Fee | | Freedom Mortgage Corporation | | 3.50 | |
| 817. | | | | | |
| 818. TOTAL (entered on line 814 Section L) | | | | 3.50 | |

X _____     V _____ .POA

# Uniform Residential Loan Application

EXHIBIT
I

This application is designed to be completed by the applicant(s) with the lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ V.A. ☑ Conventional ☐ Other: ☐ FHA ☐ FmHA | Agency Case Number | Lender Case Number |
|---|---|---|---|

| Amount | Interest Rate | No. of Months | Amortization Type: | |
|---|---|---|---|---|
| $ 243,000 | 9.500 % | 360/360 | ☑ Fixed Rate  ☐ GPM | ☐ Other (explain): ☐ ARM (type): |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) | No. of Units |
|---|---|
| 728 N HAMLIN, CHICAGO, IL 60624  County: COOK | 2 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| SEE TITLE | 1900 |

| Purpose of Loan | ☑ Purchase  ☐ Construction  ☐ Other (explain): ☐ Refinance  ☐ Construction-Permanent | Property will be: ☐ Primary Residence  ☐ Secondary Residence  ☑ Investment |
|---|---|---|

*Complete this line if construction or construction-permanent loan.*

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

*Complete this line if this is a refinance loan.*

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made |
|---|---|---|---|---|
| | $ | $ | | Cost $ |

| Title will be held in what Name(s)  ADAM BAT | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| | Single man | ☑ Fee Simple ☐ Leasehold (show expiration date) |

| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) |
|---|
| Checking/Savings |

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | ADAM BAT | Co-Borrower's Name (include Jr. or Sr. if applicable) |

| | Social Security Number | Home Phone (incl. area code) | Age | Yrs. School | Social Security Number | Home Phone (incl. area code) | Age | Yrs. School |
|---|---|---|---|---|---|---|---|---|
| Borrower | 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 | 773-544-6784 | 35 | 12 | | | | |

| ☐ Married ☑ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Co-Borrower) no.  ages | ☐ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Borrower) no.  ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP) ☑ Own ☐ Rent  No. Yrs. 2 | Present Address (street, city, state, ZIP) ☐ Own ☐ Rent  No. Yrs. |
|---|---|
| 1749 N MOZART  Chicago, IL 60647 | |

*If residing at present address for less than two years, complete the following:*

| Former Address (street, city, state, ZIP) ☐ Own ☑ Rent  No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent  No. Yrs. |
|---|---|

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent  No. Yrs. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent  No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|

| Name and Address of Employer | ☐ Self Employed | Yrs. on this job | Name and Address of Employer | ☐ Self Employed | Yrs. on this job |
|---|---|---|---|---|---|
| LD INC  4616 MAPLE AVE  CHICAGO, IL 60513 | | 5  Yrs. employed in this line of work/profession 5 | | | Yrs. employed in this line of work/profession |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|
| MANAGER | 708-485-4562 | | |

*If employed in current position for less than two years or if currently employed in more than one position, complete the following:*

| Name and Address of Employer | ☐ Self Employed | Dates(from-to) | Name and Address of Employer | ☐ Self Employed | Dates(from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

| Name and Address of Employer | ☐ Self Employed | Dates(from-to) | Name and Address of Employer | ☐ Self Employed | Dates(from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

Freddie Mac Form 65  10/92
CALYX Form 1003 Loanapp1.hp 2/95

Page 1 of 4

Borrower _____
Co-Borrower _____

Fannie Mae Form 1003  10/92

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ | $ | $ | Rent | | |
| Overtime | | | | First Mortgage (P&I) | | 2,043.28 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | 83.00 |
| Dividends/Interest | | | | Real Estate Taxes | 92.67 | 115.00 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other | | |
| Total | $ | $ | $ | Total | $ | $ 2,241.28 |

*Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

**Describe Other Income** Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower(B) or Co-Borrower(C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |

## VI. ASSETS AND LIABILITIES

This statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed ☑ Jointly ☐ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. | Monthly Payt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ | LIABILITIES | $ Payt./Mos. | |
| List checking and savings accounts below | | AURORA LOAN 1328 N CAMPBELL RENTAL | | |
| LASALLE BANK | | Acct. no. | (4,449) | 528,000 |
| Acct. no. 0000922919 | $ 40,000 | GREENPOINT MTG 1522 N TALMAN RENTAL | | |
| | | Acct. no. | (4,927) | 498,000 |
| Acct. no. | $ | 5/3 BANK 1749 N MOZART PRIMARY 2ND LOC (PREVIOUSLY OLD KENT) | 512 | 151,512 |
| | | Acct. no. | (501) | 151,000 |
| Acct. no. | $ | FIRST SECURITY 1749 N MOZART PRIMARY 1ST | | |
| | | Acct. no. | (1,191) | 126,778 |
| Acct. no. | $ | PRINCIPAL RESIDENT RENTAL 725 N DRAKE | | |
| Stocks & Bonds (Company name/number & description) | $ | Acct. no. | (2,104) | 251,185 |
| Life insurance net cash value Face amount: $ | $ | FNB Omaha Acct. no. 376317512865111 | 109 | 5495 |
| Subtotal Liquid Assets | $ 40,000 | Amex | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 1,800,000 | Acct. no. 373961481400 | 4889 | 4889 |
| Vested interest in retirement fund | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | | |
| Net worth of business(es) owned (attach financial statement) | $ | Job Related Expense (child care, union dues, etc.) | | |
| Automobiles owned (make and year) | $ | | | |
| Other Assets (itemize) | $ | Total Monthly Payments | $ | |
| Total Assets a. | $ 1,840,000 | Net Worth (a-b) $ 285,037 | Total Liabilities b. | $ 1,554,963 |

Freddie Mac Form 65  10/92          Page 2 of 4          Borrower          Fannie Mae Form 1003  10/92
CALYX Form 1003 Loanapp2.hp 2/95

## VI. ASSETS AND LIABILITIES (cont.)

Schedule of Real Estate Owned (if additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 1749 N MOZART CHICAGO, IL | PRIMARY 3 UNIT 2-4PLX | $ 350,000 | $ 277,778 | $ 2,000 | $ 1,692 | INC | $ |
| 1328 N CAMPBELL CHICAGO, IL | RENTAL 4 UNIT 2-4PLX | 600,000 | 528,000 | 6,000 | 4,449 | INC | |
| 1522 N TALMAN CHICAGO, IL | RENTAL 5 UNIT COM-R | 550,000 | 498,000 | 6,000 | 4,527 | INC | |
| * See page 4 for the additional properties | Totals | $ 1,800,000 | $ 1,554,963 | $ 17,000 | $ 12,772 | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ 270,000.00 |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | |
| e. Estimated prepaid items | 1,794.00 |
| f. Estimated closing costs | 7,159.00 |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | 278,953.00 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits (explain) ERNEST MONEY 10% | 27,000.00 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 243,000.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 243,000.00 |
| p. Cash from Borrower (subtract j, k, l & o from i) | 8,953.00 |

## VIII. DECLARATIONS

If you answer "yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower Yes No | Co-Borrower Yes No |
|---|---|---|
| a. Are there any outstanding judgments against you? | ☐ ☑ | ☐ ☐ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ ☑ | ☐ ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ ☑ | ☐ ☐ |
| d. Are you a party to a lawsuit? | ☐ ☑ | ☐ ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | ☐ ☑ | ☐ ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ ☑ | ☐ ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ ☑ | ☐ ☐ |
| h. Is any part of the down payment borrowed? | ☐ ☑ | ☐ ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ ☑ | ☐ ☐ |
| j. Are you a U. S. citizen? | ☑ ☐ | ☐ ☐ |
| k. Are you a permanent resident alien? | ☐ ☑ | ☐ ☐ |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☐ ☑ | ☐ ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☑ ☐ | ☐ ☐ |
| (1) What type of property did you own—principal residence (PR), second home (SH), or investment property (IP)? | IP | |
| (2) How did you hold title to the home—solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | |

## IX. ACKNOWLEDGMENT AND AGREEMENT

The undersigned specifically acknowledge(s) and agree(s) that: (1) the loan requested by this application will be secured by a first mortgage or deed of trust on the property described herein; (2) the property will not be used for any illegal or prohibited purpose or use; (3) all statements made in this application are made for the purpose of obtaining the loan indicated herein; (4) occupation of the property will be as indicated above; (5) verification or reverification of any information contained in the application may be made at any time by the Lender, its agents, successors and assigns, either directly or through a credit reporting agency, from any source named in this application, and the original copy of this application will be retained by the Lender, even if the loan is not approved; (6) the Lender, its agents, successors and assigns will rely on the information contained in the application and I/we have a continuing obligation to amend and/or supplement the information provided in this application if any of the material facts which I/we have represented herein should change prior to closing; (7) in the event my/our payments on the loan indicated in this application become delinquent, the Lender, its agents, successors and assigns, may, in addition : to all their other rights and remedies, report my/our name(s) and account information to a credit reporting agency; (8) ownership of the loan may be transferred to successor or assign of the Lender without notice to me and/or the administration of the loan account may be transferred to an agent, successor or assign of the Lender with prior notice to me; (9) the Lender, its agents, successors and assigns make no representations or warranties, express or implied, to the Borrower(s) regarding the property, the condition of the property, or the value of the property.

Certification: I/We certify that the information provided in this application is true and correct as of the date set forth opposite my/our signature(s) on this application and acknowledge my/our understanding that any intentional or negligent misrepresentation(s) of the information contained in this application may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq, and liability for monetary damages to the Lender, its agents, successors and assigns, insurers and any other person who may suffer any loss due to reliance upon any misrepresentation which I/we have made in this application.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X *A. Bat* | 9/20/01 | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling, in order to monitor the Lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may neither discriminate on the basis of this information, nor on whether you choose to furnish it. However, if you choose not to furnish it, under Federal regulations this Lender is required to note race and sex on the basis of visual observation or surname. If you do not wish to furnish the above information, please check the box below. (Lender must review the above material to assure that the disclosure satisfy all requirements to which the Lender is subject under applicable state law for the particular type of loan applied for.)

**BORROWER**
☐ I do not wish to furnish this information

Race/National Origin:
☐ American Indian or Alaskan Native  ☐ Asian or Pacific Islander
☐ Black, not of  ☐ White, not of
☐ Hispanic origin  ☐ Hispanic  ☐ Hispanic origin
☐ Other (specify) _____

Sex: ☐ Female  ☑ Male

**CO-BORROWER**
☐ I do not wish to furnish this information

Race/National Origin:
☐ American Indian or Alaskan Native  ☐ Asian or Pacific Islander
☐ Black, not of  ☐ White, not of
☐ Hispanic origin  ☐ Hispanic  ☐ Hispanic origin
☐ Other (specify) _____

Sex: ☐ Female  ☐ Male

| To be Completed by Interviewer | |
|---|---|
| This application was taken by: | Interviewer's Name (print or type) ERIC C. VEHOVC |
| ☐ face-to-face interview | Name and Address Interviewer's Employer BURNHAM MORTGAGE INC. |
| ☐ by mail | Interviewer's Signature / Date 9/20/01 |
| ☑ by telephone | 100 N LASALLE #1712 CHICAGO, IL 60602 |
| | Interviewer's Phone Number (incl. area code) 312-422-0618 | (P) 312-422-0618 (F) 312-422-0720 |

EXHIBIT

J

HUD-1 (3/86) RESPA form HUD

A. SETTLEMENT STATEMENT

# EXETER TITLE
## C O M P A N Y

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

| B. TYPE OF LOAN | |
|---|---|
| 1. ___ FHA  2. ___ FMHA  3. ___ CONV. UNINS. | |
| 4. ___ VA  5. _X_ CONV. INS.  6. ___ OTHER | |
| 6. File Number | 7. Loan Number |
| 01080033 | 728 N. Hamlin |
| 8. Mortgage Ins. Case No. | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown.
NOTE: Items marked *(P.O.C.)* were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

D. NAME AND ADDRESS OF BORROWER: Adam Bat

1749 N. Mozart
Chicago, IL 60647

E. NAME, ADDRESS AND TIN OF SELLER: Adam Butar (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)

728 Norh Hamlin
Chicago, IL 60624

F. NAME AND ADDRESS OF LENDER: Freedom Mortgage Corporation
1000 Atrium Way, Ste. 300
Mt. Laurel, NJ 08054

G. PROPERTY LOCATION: 728 Norh Hamlin
Chicago, IL 60624

H. SETTLEMENT AGENT: Exeter Title Company (36-4070586)  (312)641-1244
221 North LaSalle Street, Chicago, IL 60601

PLACE OF SETTLEMENT: 221 North LaSalle Street, Chicago, IL 60601

I. SETTLEMENT DATE  11/9/01

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER: | | 400. GROSS AMOUNT DUE TO SELLER: | |
| 101. Contract sales price | 270,000.00 | 401. Contract sales price | 270,000.0 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 7,702.53 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes  to | | 406. City/town taxes  to | |
| 107. County taxes  to | | 407. County taxes  to | |
| 108. Assessments  to | | 408. Assessments  to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 277,702.53 | 420. GROSS AMOUNT DUE TO SELLER | 270,000. |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 201. Deposit or earnest money | 27,000.00 | 501. Excess deposit (see instructions) | 27,000. |
| 202. Principal amount of new loan  Freedom Mortga | 243,000.00 | 502. Settlement charges to seller (line 1400) | 7,121. |
| 203. Existing loan taken subject to | | 503. Existing loan taken subject to | |
| 204. | | 504. Payoff first mortgage | |
| 205. | | 505. Payoff second mortgage | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes  to | | 510. City/town taxes  to | |
| 211. County taxes  01/01/01 to 11/09/01 | 1,319.36 | 511. County taxes  01/01/01 to 11/09/01 | 1,319 |
| 212. Assessments  to | | 512. Assessments  to | |
| 213. Security Deposit Transfer | 4,800.00 | 513. Security Deposit Transfer | 4,800 |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 276,119.36 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 40,241 |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT TO/FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 277,702.53 | 601. Gross amount due to seller (line 420) | 270,000 |
| 302. Less amounts paid by/for borrower (line 220) | 276,119.36 | 602. Less reductions in amount due seller (line 520) | 40,24 |
| 303. CASH (X FROM) ( TO) BORROWER | 1,583.17 | 603. CASH ( FROM) (X TO) SELLER | 229,75 |

Tax Year 2001

Substitute Form 1099S Seller Statement

You are required by law to provide Exeter Title Company with your correct taxpayer identification number. If you do not provide Exeter Title Company with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. (Seller's name(s), address and tax identification number(s) is shown in item E above and should be checked for accuracy. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

The information contained in Blocks E,G,H,I, and line 401 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

## L. SETTLEMENT CHARGES

| 700. TOTAL SALES/BROKER'S COMMISSION | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| BASED ON PRICE $ 270,000.00 @ % | | | | |
| Division of Commission (line 700) as follows: | | | | |
| 701. | to | | | |
| 702. | to | | | |
| 703. Commission paid at Settlement | | | | |
| 704. | | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | (P.O.C.) | | |
| 801. Loan Origination Fee 1.00 % | Burnham Mortgage | | 2,430.00 | |
| 802. Loan Discount % | | | | |
| 803. Appraisal Fee to | | | | |
| 804. Credit Report to | | | | |
| 805. Lender's Inspection Fee to | | | | |
| 806. Mortgage Insurance Application Fee to | | | | |
| 807. Assumption Fee to | | | | |
| 808. Flood Cert. Fee | CPS | | 14.00 | |
| 809. Tax Service Fee | Freedom Mortgage Corporation | | 101.00 | |
| 810. Courier Fee | UPS | | 55.00 | |
| 811. Processing Fee | Burnham Mortgage | | 350.00 | |
| 812 | | | | |
| 813. Underwriting Fee | Freedom Mortgage Corporation | | 250.00 | |
| 814. Sub Total (line 818) | | | 3.50 | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | |
| 901. Interest from 11/09/01 to 12/01/01 @ 64.13 /day ( 22 -days) | | | 1,410.86 | |
| 902. Mortgage Insurance Premium for | | | | |
| 903. Hazard Insurance Premium for 1 year to AA&A Insurance Age | | | 1,190.00 | |
| 904. | | | | |
| 905. | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | | |
| 1001. Hazard Insurance 4 months @ $ 99.60 | per month | | 398.40 | |
| 1002. Mortgage Insurance months @ $ 226.80 | per month | | | |
| 1003. City property taxes months @ $ | per month | | | |
| 1004. County property taxes 7 months @ $ 116.93 | per month | | 818.51 | |
| 1005. Annual assessments months @ $ | per month | | | |
| 1006. | | | | |
| 1007. | | | | |
| 1008. Aggregate Adjustment | | | (61.74) | |
| **1100. TITLE CHARGES** | | | | |
| 1101. Settlement or closing fee to | Exeter Title Company | | 225.00 | |
| 1102. Abstract or title search to | | | | |
| 1103. Title examination to | Exeter Title Company | | | 250.00 |
| 1104. Title insurance binder to | | | | |
| 1105. Document preparation to | Freedom Mortgage Corporation | | 74.00 | |
| 1106. Notary fee to | | | | |
| 1107. Attorney's fee to | Jeffrey Hlava | | | 400.00 |
| (includes above items numbers: ) | | | | |
| 1108. Title insurance to | Exeter Title Company | | 225.00 | 675.00 |
| (includes above items numbers: ) | | | | |
| 1109. Lender's coverage $ 243,000.00 $ 225.00 | | | | |
| 1110. Owner's coverage $ 270,000.00 $ 675.00 | | | | |
| 1111. Date Down | Exeter Title Company | | 35.00 | |
| 1112. EPA/Location Endorsements | Exeter Title Company | | 95.00 | |
| 1113. Courier Fee | Exeter Title Company | | 20.00 | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | |
| 1201. Recording: Deed $ 29.50 Mortgage $ 39.50 Release $ | | | 69.00 | |
| 1202. City/county tax/stamps: Deed $ Mortgage $ 2,025.00 | | | | 2,025.00 |
| 1203. State tax/stamps: Deed $ 270.00 Mortgage $ 135.00 | | | | 405.00 |
| 1204. | | | | |
| 1205. | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | |
| 1301. 1st & 2nd installments 2000 taxes | Cook County Collector | | | 1,484.93 |
| 1302. TI set-up fee | Exeter Title Company | | | 150.00 |
| 1303. TI for open 1999 taxes | Exeter Title Company | | | 1,500.00 |
| 1304. Zoning Cert. Service Fee | Jeffrey Hlava | | | 125.00 |
| 1305. Water Cert. Service Fee | Exeter Title Company | | | 106.85 |
| 1306. | | | | |
| 1307. | | | | |
| 1308. | | | | |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | | | 7,702.53 | 7,121.78 |

I have carefully reviewed the HUD-1 Settlement Statement and, to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of HUD-1 Settlement Statement.

Adam Bat

Adam Butar

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

Exeter Title Company

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Sections 1001 and Section 1010.

D-1 (1/86) RESPA, HR 4305 (    )    Department of HUD    OMB (4505)

e No. 01080033

Loan No. 728 N. Hamlin

| 800: ITEMS PAYABLE IN CONNECTION WITH LOAN | | | |
|---|---|---|---|
| 5. Yield Spread Premium | Burnham Mortgage | (2,430.00L) | |
| 6. MERS Registration | Freedom Mortgage Corporation | 3.50 | |
| 7. | | | |
| 8. TOTAL (entered on line 814 Section L) | | 3.50 | |

X *Adam Beal*

X *Adam Foster*

EXHIBIT

K

DEC-04-2001  04:49     BURNHM  MORTGAGE, INC          312422072T     P.02/05

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ V.A.  ☑ Conventional  ☐ Other: | | Agency Case Number | Lender Case Number |
|---|---|---|---|---|
| | ☐ FHA  ☐ FmHA | | | |

| Amount | Interest Rate | No. of Months | Amortization Type: | ☑ Fixed Rate  ☐ Other (explain): |
|---|---|---|---|---|
| $  237,600 | 9.500 % | 360/360 | | ☐ GPM  ☐ ARM (type): |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) | No. of Units |
|---|---|
| 439 N DRAKE, Chicago, IL 60651  County: COOK | 2 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| SEE TITLE | 1910 |

| Purpose of Loan | ☑ Purchase  ☐ Construction  ☐ Other (explain): | Property will be: |
|---|---|---|
| | ☐ Refinance  ☐ Construction-Permanent | ☐ Primary Residence  ☐ Secondary Residence  ☑ Investment |

**Complete this line if construction or construction-permanent loan.**

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

**Complete this line if this is a refinance loan.**

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements  ☐ made  ☐ to be made |
|---|---|---|---|---|
| | $ | $ | | Cost $ |

| Title will be held in what Name(s)  ZBIGNIEW RYMARZ | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| | Single man | ☑ Fee Simple  ☐ Leasehold (show expiration date) |

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)

Checking/Savings

## III. BORROWER INFORMATION

| Borrower | Co-Borrower |
|---|---|
| Borrower's Name (include Jr. or Sr. if applicable)  ZBIGNIEW RYMARZ | Co-Borrower's Name (include Jr. or Sr. if applicable) |

| Social Security Number | Home Phone (incl. area code) | Age | Yrs. School | Social Security Number | Home Phone (incl. area code) | Age | Yrs. School |
|---|---|---|---|---|---|---|---|
| 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 | 773-586-0551 | 35 | 12 | | | | |

| ☐ Married  ☑ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Co-Borrower)  no.  ages | ☐ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | Dependents (not listed by Borrower)  no.  ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP)  ☐ Own  ☑ Rent  5  No. Yrs. | Present Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|
| 6352 W MELROSE ST  Chicago, IL 60634 | |

**If residing at present address for less than two years, complete the following:**

| Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|

| Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent  No. Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| Borrower | | Co-Borrower | |
|---|---|---|---|
| Name and Address of Employer  ☐ Self Employed | Yrs. on this job  5 | Name and Address of Employer  ☐ Self Employed | Yrs. on this job |
| LD INC.  4616 MAPLE AVENUE  BROOKFIELD, IL 60513 | Yrs. employed in this line of work/profession  5 | | Yrs. employed in this line of work/profession |

| Position/Title/Type of Business  MANAGER | Business Phone (incl. area code)  773-588-7766 | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

**If employed in current position for less than two years or if currently employed in more than one position, complete the following:**

| Name and Address of Employer  ☐ Self Employed | Dates(from-to) | Name and Address of Employer  ☐ Self Employed | Dates(from-to) |
|---|---|---|---|
| | Monthly Income  $ | | Monthly Income  $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

| Name and Address of Employer  ☐ Self Employed | Dates(from-to) | Name and Address of Employer  ☐ Self Employed | Dates(from-to) |
|---|---|---|---|
| | Monthly Income  $ | | Monthly Income  $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
|---|---|---|---|

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ | $ | $ | Rent | 600.00 | |
| Overtime | | | | First Mortgage (P&I) | | 1,997.87 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | 90.00 |
| Dividends/Interest | | | | Real Estate Taxes | | 150.00 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the Notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other | | |
| Total | $ | $ | $ | Total | $ 600.00 | $ 2,237.87 |

*Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

**Describe Other Income**   Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower(B) or Co-Borrower(C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | |
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.   Completed [✓] Jointly [ ] Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledge, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | Monthly Payt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ | **LIABILITIES** | | |
| | | Name and address of Company | $ Payt./Mos. | $ |
| *List checking and savings accounts below* | | WESTBANK | | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| MID AMERICA BANK | | | | |
| | | Acct. no. | 224 | 5,447 |
| | | Name and address of Company | $ Payt./Mos. | |
| Acct. no. 601553196 | $ 100,000 | WESTBANK | | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | 214 | 2,743 |
| | | Name and address of Company | $ Payt./Mos. | |
| Acct. no. | $ | HOUSEHOLD FINANCE | | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | 35 /(R) | 700 |
| | | Name and address of Company | $ Payt./Mos. | |
| Acct. no. | $ | CAPITAL ONE | | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | 30 /(R) | 151 |
| | | Name and address of Company | $ Payt./Mos. | |
| Acct. no. | $ | | | |
| Stocks & Bonds (Company name/ number & description) | $ | | | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payt./Mos. | $ |
| Life insurance net cash value | $ | | | |
| Face amount: $ | | | | |
| Subtotal Liquid Assets | $ 100,000 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | Acct. no. | | |
| Vested interest in retirement fund | $ | Name and address of Company | $ Payt./Mos. | $ |
| Net worth of business(es) owned (attach financial statement) | $ | | | |
| Automobiles owned (make and year) | $ | | | |
| | | Acct. no. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | $ | Job Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 503 | |
| **Total Assets a.** | $ 100,000 | **Net Worth (a-b)** $ 90,959 | **Total Liabilities b.** | $ 9,041 |

DEC-04-2001  04:50      BURNHA    RTGAGE, INC                    312422072F  P.04/05

## VI. ASSETS AND LIABILITIES (cont.)

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
|  |  | $ | $ | $ | $ | $ | $ |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  | Totals | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
|  |  |  |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ 297,000.00 |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | |
| e. Estimated prepaid items | 2,427.00 |
| f. Estimated closing costs | 6,377.00 |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | 305,804.00 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits (explain) ERNEST MONEY | 29,700.00 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 237,600.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 237,600.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | 38,504.00 |

## VIII. DECLARATIONS

If you answer "yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower Yes No | Co-Borrower Yes No |
|---|---|---|
| a. Are there any outstanding judgments against you? | No ☑ | |
| b. Have you been declared bankrupt within the past 7 years? | No ☑ | |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | No ☑ | |
| d. Are you a party to a lawsuit? | No ☑ | |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such items as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | No ☑ | |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | No ☑ | |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | No ☑ | |
| h. Is any part of the down payment borrowed? | No ☑ | |
| i. Are you a co-maker or endorser on a note? | No ☑ | |
| j. Are you a U. S. citizen? | Yes ☑ | |
| k. Are you a permanent resident alien? | No ☑ | |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | Yes ☑ | |
| m. Have you had an ownership interest in a property in the last three years? | Yes ☑ | |
| (1) What type of property did you own–principal residence (PR), second home (SH), or investment property (IP)? | | |
| (2) How did you hold title to the home–solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | |

## IX. ACKNOWLEDGMENT AND AGREEMENT

The undersigned specifically acknowledge(s) and agree(s) that: (1) the loan requested by this application will be secured by a first mortgage or deed of trust on the property described herein; (2) the property will not be used for any illegal or prohibited purpose or use; (3) all statements made in this application are made for the purpose of obtaining the loan indicated herein; (4) occupation of the property will be as indicated above; (5) verification or reverification of any information contained in the application may be made at any time by the Lender, its agents, successors and assigns, either directly or through a credit reporting agency, from any source named in this application, and the original copy of this application will be retained by the Lender, even if the loan is not approved; (6) the Lender, its agents, successors and assigns will rely on the information contained in the application and I/we have a continuing obligation to amend and/or supplement the information provided in this application if any of the material facts which I/we have represented herein should change prior to closing; (7) in the event my/our payments on the loan indicated in this application become delinquent, the Lender, its agents, successors and assigns, may, in addition to all their other rights and remedies, report my/our name(s) and account information to a credit reporting agency; (8) ownership of the loan may be transferred to successor or assign of the Lender without notice to me and/or the administration of the loan account may be transferred to an agent, successor or assign of the Lender with prior notice to me; (9) the Lender, its agents, successors and assigns make no representations or warranties, express or implied, to the Borrower(s) regarding the property, the condition of the property, or the value of the property.

Certification: I/We certify that the information provided in this application is true and correct as of the date set forth opposite my/our signature(s) on this application and acknowledge that any intentional or negligent misrepresentation(s) of the information contained in this application may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq. and liability for monetary damages to the Lender, its agents, successors and assigns, insurers and any other person who may suffer any loss due to reliance upon any misrepresentation which I/we have made on this application.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X [signature] | 12/04/01 | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling, in order to monitor the Lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may neither discriminate on the basis of this information, nor on whether you choose to furnish it. However, if you choose not to furnish it, under Federal regulations this Lender is required to note race and sex on the basis of visual observation or surname. If you do not wish to furnish the above information, please check the box below. (Lender must review the above material to assure that the disclosure satisfies all requirements to which the Lender is subject under applicable state law for the particular type of loan applied for.)

**BORROWER**  ☐ I do not wish to furnish this information

| | |
|---|---|
| Race/National Origin: | ☐ American Indian or Alaskan Native  ☐ Asian or Pacific Islander  ☐ Black not of Hispanic origin  ☐ White, not of Hispanic origin  ☐ Hispanic  ☐ Other (specify) |
| Sex: | ☐ Female  ☑ Male |

**CO-BORROWER**  ☐ I do not wish to furnish this information

| | |
|---|---|
| Race/National Origin: | ☐ American Indian or Alaskan Native  ☐ Asian or Pacific Islander  ☐ Black not of Hispanic origin  ☐ White, not of Hispanic origin  ☐ Hispanic  ☐ Other (specify) |
| Sex: | ☐ Female  ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) | Name and Address Interviewer's Employer |
|---|---|---|
| This application was taken by: | ERIC VEHOVC | BURNHAM MORTGAGE INC. |
| ☐ face-to-face interview | Interviewer's Signature          Date | 100 N LASALLE #1712 |
| ☐ by mail | [signature]          12/4/01 | CHICAGO, IL 60602 |
| ☑ by telephone | Interviewer's Phone Number (incl. area code) | (P) 312-422-0618 |
| | 312-422-0618 | (F) 312-422-0720 |

Freddie Mac Form 65   10/92
CALYX Form 1003 Lcanapp3.hp  2/95

Page 3 of 4

Fannie Mae Form 1003  10/92

HUD-1 (3/86) RESPA, HB 4305.2

**EXHIBIT**

tabbies

L

_____

Form Approved OMB 2502-0265

| A. SETTLEMENT STATEMENT | | |
|---|---|---|

# EXETER TITLE
## C O M P A N Y

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

| B. TYPE OF LOAN | | |
|---|---|---|
| 1. ☐ FHA 2. ☐ FMHA 3. ☐ CONV. UNINS. | | |
| 4. ☐ VA 5. X ☐ CONV. INS. ☐ OTHER | | |
| 6. File Number 01080030 | 7. Loan Number 1712947 | |
| 8. Mortgage Ins. Case No. | | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown.
NOTE: Items marked "(P.O.C.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. NAME AND ADDRESS OF BORROWER: | Zbigniew Rymarz |
|---|---|
| | 2901 N. 72nd Ct. |
| | Chicago, IL 60707 |

| E. NAME, ADDRESS AND TIN OF SELLER: | Piotr Uloszonekic |
|---|---|
| | 419 North Drake |
| | Chicago, IL 60606 |

| F. NAME AND ADDRESS OF LENDER: | Freedom Mortgage Corporation |
|---|---|
| | 1000 Atrium Way, Ste. 300 |
| | Mt. Laurel, NJ 08054 |

171501  4001502907  Settlement  30547458

| G. PROPERTY LOCATION: | 419 North Drake |
|---|---|
| | Chicago, IL 60606 |

| H. SETTLEMENT AGENT: | Exeter Title Company (36-4070586)  (312)641-1244 |
|---|---|
| | 221 North LaSalle Street, Chicago, IL 60601 |
| PLACE OF SETTLEMENT: | 221 North LaSalle Street, Chicago, IL 60601 |
| I. SETTLEMENT DATE | 12/27/01 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract sales price | 297,000.00 | 401. Contract sales price | 297,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 7,440.95 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes to | | 406. City/town taxes to | |
| 107. County taxes to | | 407. County taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 304,440.95 | **420. GROSS AMOUNT DUE TO SELLER** | 297,000.00 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | 29,700.00 | 501. Excess deposit (see instructions) | 29,700.00 |
| 202. Principal amount of new loan  Freedom Mortg | 237,600.00 | 502. Settlement charges to seller (line 1400) | 5,244.25 |
| 203. Existing loan taken subject to | | 503. Existing loan taken subject to | |
| 204. | | 504. Payoff first mortgage | |
| 205. | | 505. Payoff second mortgage | |
| 206. | | 506. Payoff as Directed  AMC Construct | 87,989.30 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes 01/01/01 to 12/27/01 | 1,772.45 | 511. County taxes 01/01/01 to 12/27/01 | 1,772.45 |
| 212. Assessments to | | 512. Assessments to | |
| 213. Seller Concession | 7,308.00 | 513. Seller Concession | 7,308.00 |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 276,380.45 | **520. TOTAL REDUCTION AMOUNT DUE SELLE** | 132,014.00 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER** | | **600. CASH AT SETTLEMENT TO/FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 304,440.95 | 601. Gross amount due to seller (line 420) | 297,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 276,380.45 | 602. Less amounts in amount due seller (line 520) | 132,014.00 |
| 303. CASH (X FROM) ( TO) BORROWER | 28,060.50 | 603. CASH ( FROM) (X TO) SELLER | 164,986.00 |

Tax Year 2001                                                                    Substitute Form 1099S Seller Statement

You are required by law to provide Exeter Title Company with your correct taxpayer identification number. If you do not provide Exeter Title Company with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. [Seller's name(s), address and tax identification number(s) is shown in item E above and should be checked for accuracy.] Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

The information contained in Blocks E,G,H,I, and line 401 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

| L. | SETTLEMENT CHARGES | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|
| **700. TOTAL SALES/BROKER'S COMMISSION** | | | | | |
| BASED ON PRICE $ 297,000.00 @ %= | | | | | |
| Division of Commission (line 700) as follows: | | | | | |
| 701. | to | | | | |
| 702. | to | | | | |
| 703. Commission paid at Settlement | | | | | |
| 704. | | | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | (P.O.C.) | | |
| 801. Loan Origination Fee % | Burnham Mortgage | | | 3,564.00 | |
| 802. Loan Discount % | | | | | |
| 803. Appraisal Fee to | | | | | |
| 804. Credit Report to | | | | | |
| 805. Lender's Inspection Fee to | | | | | |
| 806. Mortgage Insurance Application Fee to | | | | | |
| 807. Assumption Fee to | | | | | |
| 808. Flood Cert. Fee | First American | | | 14.00 | |
| 809. Tax Service Fee | Freedom Mortgage Corporation | | | 101.00 | |
| 810. Courier Fee | FedEx | | | 55.00 | |
| 811. Processing Fee | Burnham Mortgage | | | 350.00 | |
| 812. Underwriting Fee | Freedom Mortgage Corporation | | | 250.00 | |
| 813. | | | | | |
| 814. Sub Total (line 818) | | | | 3.50 | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | | |
| 901. Interest from 12/27/01 to 01/01/02 @ 62.70 /day ( 5 -days) | | | | 313.50 | |
| 902. Mortgage Insurance Premium for | | | | | |
| 903. Hazard Insurance Premium for 1 year to AAA Insurance | | | | 1,190.00 | |
| 904. | | | | | |
| 905. | | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | | | |
| 1001. Hazard Insurance 2 months @ $ 99.17 | per month | | | 198.34 | |
| 1002. Mortgage Insurance months @ $ | per month | | | | |
| 1003. City property taxes months @ $ | per month | | | | |
| 1004. County property taxes 5 months @ $ 135.76 | per month | | | 678.80 | |
| 1005. Annual assessments months @ $ | per month | | | | |
| 1006. | | | | | |
| 1007. | | | | | |
| 1008. Aggregate Adjustment | | | | (20.19) | |
| **1100. TITLE CHARGES** | | | | | |
| 1101. Settlement or closing fee to | Exeter Title Company | | | 225.00 | |
| 1102. Abstract or title search to | | | | | |
| 1103. Title examination to | Exeter Title Company | | | | 250.00 |
| 1104. Title insurance binder to | | | | | |
| 1105. Document preparation to | Freedom Mortgage Corporation | | | 74.00 | |
| 1106. Notary fee to | | | | | |
| 1107. Attorney's fee to | Jeffrey Hlava | | | | 300.00 |
| (includes above items numbers: ) | | | | | |
| 1108. Title insurance to | Exeter Title Company | | | 225.00 | 708.75 |
| (includes above items numbers: ) | | | | | |
| 1109. Lender's coverage $ 237,600.00 $ 225.00 | | | | | |
| 1110. Owner's coverage $ 297,000.00 $ 708.75 | | | | | |
| 1111. Date Down | Exeter Title Company | | | 35.00 | |
| 1112. EPA/Location Endorsements | Exeter Title Company | | | 95.00 | |
| 1113. Courier Fee | Exeter Title Company | | | 20.00 | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | | |
| 1201. Recording: Deed $ 29.50 Mortgage $ 39.50 Release $ | | | | 69.00 | |
| 1202. City/county tax/stamps: Deed $ Mortgage $ 2,227.50 | | | | | 2,227.50 |
| 1203. State tax/stamps: Deed $ 297.00 Mortgage $ 148.50 | | | | | 445.50 |
| 1204. | | | | | |
| 1205. | | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | | |
| 1301. 2nd installment 2000 taxes | Cook County Collector | | | | 1,052.50 |
| 1302. Water Cert. Service Fee | Exeter Title Company | | | | 260.00 |
| 1303. | | | | | |
| 1304. | | | | | |
| 1305. | | | | | |
| 1306. | | | | | |
| 1307. | | | | | |
| 1308. | | | | | |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | | | | 7,440.95 | 5,244.25 |

I have carefully reviewed the HUD-1 Settlement Statement and, to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of HUD-1 Settlement Statement.

Zbigniew Rymarz    Riotr Uloszonekic

ASPOA

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

Exeter Title Company
WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Sections 1001 and Section 1010.

HUD-1 (3/86) RESPA HB 4305.2
File No. 01080030

Loan No. 1712947

| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | | |
|---|---|---|---|---|
| 815. Yield Spread Premium | Burnham Mortgage | (2,079.00L) | | |
| 816. MERS Registration Fee | Freedom Mortgage Corporation | | 3.50 | |
| 817. | | | | |
| 818. TOTAL (entered on line 814 Section L) | | | 3.50 | |