# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6508 | **DATE** | 11/12/2010 |
| **CASE TITLE** | Freedom Mtge Corp vs. Burnham Mtge, Inc., et al | | |

**DOCKET ENTRY TEXT**

The remaining issue from plaintiff's motion for a protective order regarding whether defendants may inquire about the post-foreclosure sales on the nine properties [485] is denied.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

---

## STATEMENT

Before the Court is one remaining issue from plaintiff's motion for a protective order limiting the scope of certain areas of examination. The Court granted in part and denied in part that motion in open court on November 9, 2010, but took one final issue under advisement. That issue is whether defendants may inquire about the post-foreclosure sales on the nine properties at issue. For the reasons stated below, that portion of the motion is denied [dkt. 485].

Plaintiff alleges in this lawsuit that the various defendants engaged in a conspiracy that defrauded plaintiff. Essentially, plaintiff alleges that it issued mortgage loans to certain defendants for nine properties based on fraudulently inflated appraisals. Shortly after these loans were issued, the defendant-mortgagees defaulted. Plaintiff then foreclosed on the properties and discovered that the properties were worth substantially less than it was led to believe. Following foreclosure, the properties proceeded to auction. At auction, plaintiff, or its affiliates, purchased certain properties through what is known as a "credit bid." This is where a foreclosing lender is entitled to make a bid on the property in question up to the amount of the outstanding debt.[1] In this case, plaintiff made full credit bids on three of the nine properties (essentially wiping out the loans) and partial credit bids with respect to six of the remaining properties.[2] On the six partial credit bid properties, plaintiff received deficiency judgments for the difference between the outstanding loan and the credit bid. Subsequently, plaintiff resold all nine properties to third parties.

In March 2006, District Judge Filip, the District Court judge assigned to this case at that time, issued an opinion granting partial summary judgment in favor of the defendants. That opinion held that, under Illinois law, plaintiff's damages were limited based on the credit bids: plaintiff could not seek additional damages if it ultimately sold the property to a third party for less than the credit bid. Essentially, Judge Filip determined that plaintiff was stuck with the deficiency judgments, totalling approximately $600,000. Judge Filip's opinion stated, however, that plaintiff was still entitled to seek punitive damages under Illinois state law or triple damages under the Racketeer Influenced and Corrupt Organizations Act (RICO). A later appeal to the Seventh Circuit left this portion of Judge Filip's decision intact.[3]

## STATEMENT

Now defendants wish to inquire about the subsequent third party sales. Presumably, defendants wish to "set-off" the deficiency amounts if discovery reveals that plaintiff was able to resell the properties for a value higher than the credit bids. Plaintiff argues that the credit bid is used to determine the deficiency and any subsequent sale is irrelevant. Defendants, however, maintain that for purposes of discovery, we need not decide whether a subsequent sale can be used to set-off any deficiencies.

Federal Rule of Civil Procedure 26 encourages liberal discovery.[4] Furthermore, the word "relevant" is defined broadly under Rule 26.[5] Specifically, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[6] Here, we know that Illinois law is fairly settled that plaintiff is stuck with the deficiency judgments calculated with the credit bid.[7] But it is not clear that subsequent sale prices would be completely irrelevant to calculating ultimate damages. Because discovery is to be conducted liberally, we think defendants should be permitted to at least inquire about the post-foreclosure sales. Therefore, plaintiff's motion, in this respect, is denied [dkt. 485].

---

1. *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, No. 03 C 6508, 2010 WL 2403031 at *19 (N.D. Ill. Jun. 14, 2010).

2. *Id.*

3. *See Freedom Mortg. Corp. v. Burnham Mortg.*, Inc., 569 F.3d 667 (7th Cir. 2009).

4. *Saket v. American Airlines, Inc.*, No. 02 C 3453, 2003 WL 685385, at *2 (N.D. Ill. Feb. 28, 2003).

5. *Id.*

6. Fed. R. Civ P. 26(b).

7. *See Freedom Mortg. Corp*, 569 F. 3d at 671, 672; *see also Chrysler Capital Realty, Inc. v. Grella,* 942 F.2d 160 (2d Cir. 1991) (interpreting Michigan law); *Gaskin v. Smith*, 30 N.E.2d 624 (Ill. 1940).